27625.00BUO3                    Firm No. 412              Doc. No. 757987

**FILED**

NOV 0 8 2007
nov 08 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANNA SZYMCZAK and CARYL CLEMENT,   )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )     **07CV6338**
                                    )     **JUDGE LEFKOW**
                                    )     **MAG.JUDGE VALDEZ**
                                    )
OHIO CASUALTY GROUP/WEST AMERICAN   )
INSURANCE COMPANY,                  )
                                    )     **FILED**
                Defendant.          )
                                          NOV 0 8 2007

                                          MICHAEL W. DOBBINS
### NOTICE OF REMOVAL                     CLERK, U.S. DISTRICT COURT

Now comes the defendant, WEST AMERICAN INSURANCE COMPANY, ("West American"), by and through its attorneys, Bradley C. Nahrstadt and Christina D. Harrison, and, pursuant to 28 U.S.C. §§ 1441 (a) and (b) and 28 U.S.C. § 1446, hereby files its Notice of Removal of this cause from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Pursuant to 28 U.S.C. § 1446 (a), the defendant sets forth a short and plain statement of the grounds for removal as follows:

1.    On or about October 2, 2007, the plaintiffs filed a breach of contract and insurance bad faith action against West American in the Circuit Court of Cook County, Illinois by filing a Complaint, a copy of which is attached hereto and incorporated herein by reference as Exhibit A.

2.    The plaintiffs named Ohio Casualty Group/West American Insurance Company as the defendant in the case. However, there is no legal entity known as Ohio Casualty Group. (See affidavit of James Pugh attached hereto as Exhibit B).

3.    The plaintiff did not make a jury demand when it filed its complaint in the state court. See Exhibit A.

4.    On October 9, 2007, the plaintiff obtained service of the summons and Complaint upon Wausau when it provided a copy of those documents to Wausau's agent for service of process, Michael McRaith, the Illinois Director of Insurance. (A copy of Mr. McRaith's acknowledgement of service of the summons and complaint is attached hereto as Exhibit C).

5.    This notice of removal has been filed within the time required by 28 U.S.C. §1446(b).

6.    No previous application for the relief sought herein has been made to this Court or any other court.

## REMOVAL BASED UPON DIVERSITY JURISDICTION

7.    This action is removable pursuant to 28 U.S.C. § 1441 (a) because it is a civil action of which this Court has original jurisdiction and because defendant West American is removing this action to the District Court of the United States for the district and division embracing the place where the action is pending.

8.    This court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 (a)(1) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and because the action is between citizens of different states.

9.    Plaintiffs admit that the damages actually sought for all claims of which they are or should be aware, arising out of the allegations which are the subject of the Complaint, exceed the sum or value of $75,000, exclusive of interest and costs. (See Exhibit A, p. 2).

10.    Plaintiffs claim in their complaint that one of the plaintiffs, Anna Szymczak, was injured as a result of an automobile accident, that she suffered serious injuries as a result of the accident, that the defendant has breached its policy of insurance by refusing to arbitrate the claim with the plaintiff under the underinsured motorist provisions of the policy and that the breach is worth at least $150,000. (See Exhibit A, p. 2).

11.    Plaintiffs further claim that the total amount of underinsured motorist coverage available under the policy of insurance is $500,000. (See Exhibit A, p. 1).

12.    According to the *ad damnum* clause of Count I of the complaint, the plaintiffs are seeking in excess of $150,000 in compensatory damages, well in excess of the jurisdictional amount required for diversity jurisdiction. (See Exhibit A, p. 2).

13.    The plaintiffs are citizens of the State of Illinois. They reside at 456 N. Douglas Avenue in Elgin, Illinois. (See a copy of the police report issued following the accident in question attached hereto as Exhibit D).

14.    The defendant is a citizen of the state of Indiana and Ohio. West American is, and was, at the time plaintiffs commenced this action in Illinois state court, a corporation

existing under the laws of the State of Indiana, with its principal place of business in Fairfield, Ohio. (See Exhibit B).

15.    West American is the only named defendant in the Complaint. (See Exhibit A).

16.    Complete diversity of citizenship exists in this action.

17.    Pursuant to 28 U.S.C. § 1441 (b), the United States District Court for the Northern District of Illinois is the appropriate court for filing a Notice of Removal from the Circuit Court of Cook County, Illinois, where this action is pending.

18    Pursuant to 28 U.S.C. § 1446 (d), defendant West American shall give plaintiffs, through their attorney of record, written notice of the filing of this Notice of Removal, and defendant shall file the written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, attaching thereto a copy of this Notice of Removal.

19    Pursuant to 28 U.S.C. § 1441, this action is removable to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, the defendant, WEST AMERICAN INSURANCE COMPANY, gives notice that the matter styled as *Anna Szymczak and Caryl Clement v. Ohio Casualty group/West American Insurance Company,* Case No. 07 L 10384, which was pending in the Circuit Court of Cook County, Illinois, is removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted

WEST AMERICAN INSURANCE COMPANY

4

By: _____
Bradley C. Nahrstadt
One of its Attorneys

BRADLEY C. NAHRSTADT
CHRISTINA D. HARRISON
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for West American Insurance Co.
20 North Wacker Drive, Suite 2100
Chicago, Illinois  60606
312-443-3200
312-443-1323 (fax)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of this Notice of Removal was served upon the following individuals by placing said instrument in a postage paid envelope and placing it in the United States mail at 20 N. Wacker Drive, Chicago, Illinois on the _8th_ day of November, 2007.

Joseph R. Curcio, Esq.
Curcio Law Offices
161 N. Clark Street, Suite 2550
Chicago, Illinois 60601
Counsel for Plaintiff

_____
Bradley C. Nahrstadt, Esq.

EXHIBIT 1

JRC/ams/200-297                    10/08/07                    #02485

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

ANNA SZYMCZAK and CARYL CLEMENT,
                         Plaintiffs,

            v.

OHIO CASUALTY GROUP/WEST AMERICAN
INSURANCE COMPANY

No.    07 L 10384

PLEASE SERVE THE DEFENDANT:

West American Insurance Company
R/A:  IL Dept. of Insurance
State of Illinois Bldg.
9th Fl., Suite 301
Chicago, IL 60601

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____801_____, Chicago, Illinois 60602

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS,                    OCT 09 2007

Atty. No.:  02485
Name:  CURCIO LAW OFFICES                    DOROTHY BROWN
Atty. for:  Plaintiff                    Clerk of Court
Address:  161 N. Clark Street, Suite 2550
City/State/Zip:  Chicago, Illinois 60601                    Date of service: _____,
Telephone:  (312) 321-1111                    (To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at _____

                    (Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

JRC/ams                  09/07/07                #02485

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - LAW DIVISION

ANNA SZYMCZAK and          )
CARYL CLEMENT,             )
                           )
            Plaintiff,     )          2007L010384
                           )          CALENDAR/ROOM Y
        v.                 )   No.    TIME 00:00
                           )          Breach of Contract
OHIO CAUSALTY GROUP/WEST   )
AMERICAN INSURANCE CO,     )
            Defendant.     )

### COMPLAINT AT LAW

NOW COME the Plaintiffs, ANNA SZYMCZAK and CARYL CLEMENT, by their

attorneys, CURCIO LAW OFFICES, and complaining against the Defendant OHIO

CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, states as follows:

### COUNT I
### Breach of Contract

1.      That the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN

INSURANCE COMPANY is a liability insurance company licensed to do business in

the State of Illinois.

2.      That pursuant to that license, the Defendant issued their Policy

Number: FPW 0938797 with an effective day of May 16, 2000 to and including

November 16, 2000, providing coverage for injuries sustained as a result of a

motor vehicle collision including but not limited to underinsured motorist

coverage in the amount of $500,000.

3.      That on September 30, 2000, Plaintiff, ANNA SZYMCZAK was a

passenger in the vehicle insured by the Defendant and being driven by the

Plaintiff, CARYL CLEMENT which was then and there involved in an automobile

crash.

4.    That as a result of said crash, Plaintiff sustained serious injuries.

5.    That Plaintiff had requested of Defendant on the following

occasions that this case proceed to Arbitration:

<u>05/16/01 - Demand for Arbitration;</u>

<u>06/13/01; 06/02/04; 03/21/05; 03/09/17.</u>

6.    That the Defendant has failed and refused and continues to fail and

refuse to allow arbitration to proceed.

7.    That said refusal amounts to a material breach of the contract of

insurance that exists between CARYL CLEMENT and ANNA SZYMCZAK, passenger

in CARYL CLEMENT'S vehicle.

8.    Plaintiff has identified and submitted for deposition their expert.

9.    Defendant has consistently refused to schedule depositions of their

disclosed experts.

10.    Plaintiff has performed all conditions precedent required to be

performed of her.

WHEREFORE, Plaintiff prays judgment against the Defendant, OHIO

CASUALTY COMPANY/WEST AMERCIAN INSURANCE COMPANY for said material

breach in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00).

2

## COUNT II
### Vexatious and Unreasonable Delay

1. - 4. Plaintiff realleges and restates Paragraphs 1 through 4 of Count I as and for Paragraphs 1 through 4 of this Count II.

5.      That on the 16th date of    May, 2001    , Plaintiffs, through their attorneys, CURCIO LAW OFFICES, forwarded correspondence to the Defendant, OHIO CASUALTY GROUP, demanding Arbitration under the uninsured provisions of the policy. See copies of correspondence attached as Exhibit A.

6.      That as a result of the aforesaid policy and the language contained therein, it was then and there the duty of the defendant, OHIO CASUALTY GROUP, to investigate the facts of the claim, appoint an arbitrator and defend or settle the claim.

7.      That in abrogation of the aforesaid duty, no response was made by the Defendant to any of the correspondence forwarded to them; no arbitrator was appointed and no reasonable offer of settlement was made under the underinsured provision of the policy of insurance.

8.      That on the    26th    day of    December, 2002   , Plaintiff has submitted to Defendants' legal representative medical records and a statement of damages for purposes of allowing the defendant an opportunity to evaluate the nature of the injuries sustained by ANNA SZYMCZAK and to decide whether to settle or defend the claim. See a copy of the correspondence is attached hereto as Exhibit    B    . Defendant has not responded to the

3

correspondence.

9.    That extensive discovery has been conducted, including but not limited to the Sworn Statement of ANNA SZYMCZAK and the Sworn Statements of innumerable fact witnesses.

10.    That Plaintiff's counsel has requested that an arbitrator be named so that this matter may proceed to an orderly conclusion.  No response has been received as a result of those conversations.

11.    That the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, by and through its agents, servants and employees failed and breached its duty to investigate, properly defend or settle said claim, give the interest of its insured equal consideration to their interest and their duty to deal fairly with the insured in one or more of the following ways:

(a)    Failed to promptly and thoroughly investigate a claim of injury to the plaintiff;

(b)    Failed to promptly and thoroughly investigate relative coverage issued to the claim;

(c)    Failed to monitor the injuries of the injured;

(d)    Failed to appoint an arbitrator in violation of the terms of the policy and the Illinois Insurance Code;

(e)    Failed to submit this claim to arbitration in violation of the terms of the policy and the Illinois Insurance Code.

(f)    Failed to make a reasonable effort to settle this claim; and

(g)    Has otherwise frustrated and delayed the claims process.

4

12.    That as a result of the aforementioned claims practice and conduct, the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, has acted in an unreasonable and vexatious manner in delaying the processing and payment of a claim to the Plaintiff, ANNA SZYMCZAK, who was the innocent victim of negligence and who has been deprived benefits to which she is entitled.

13.    That as a direct and proximate result of the aforementioned conduct and breach of contract of insurance by the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, the plaintiff has suffered damages not only in obtaining fair and reasonable compensation for her injuries but also as a result of the unreasonable and vexatious delay by the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, in properly evaluating her claim and in submitting the claim to arbitration as required by the terms and conditions of the policy.

WHEREFORE, the Plaintiff, ANNA SZYMCZAK, prays this Honorable Court:

(A)    Declare that the delay occasioned by the Defendant, OHIO CASUALTY GROUP/WEST AMERCIAN INSURANCE COMPANY, has been unreasonable and vexatious;

(B)    Award penalties and attorneys fees in favor of the Plaintiff and against the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, Pursuant to the applicable provisions of the Illinois Insurance Code; and

5

(C)    Enter such other and alternative relief as the Court sees
        fit under the circumstances.

Respectfully submitted,

CURCIO LAW OFFICES
Attorneys for Plaintiff

By:    _____
       Joseph R. Curcio

Suite 2550
161 North Clark Street
Chicago, Illinois 60601
(312) 321-1111
Attorney Number: 02485

6

LAW OFFICES

## JOSEPH R. CURCIO, LTD.

JOSEPH R. CURCIO

---

THOMAS W. STEWART
LISA R. CURCIO
PATTI L. TUTTLE
JOHN R. GOREY

161 NORTH CLARK STREET
SUITE 2550
CHICAGO, ILLINOIS 60601

---

TELEPHONE
(312) 321-1111
(312) 726-0114

---

FACSIMILE
(312) 321-3697

---

EMAIL
info@jrcurcio.com

May 16, 2001

Shameeka L. Jackson
Subrogation Specialist
Ohio Casualty Group
9450 Seward Road
Fairfield, OH 45014

RE:   Our Client:                Anna Szymczak, a minor, by her mother
                                 Caryl Clement
      Your Insured:             Roger W. Szymczak
      Your Claim Number:        Lombard au 00651414m
      Date of Accident:         September 30, 2000
      Adverse Party:            Daniel Bethke
      Our File No:              200-297

Dear Ms. Jackson:

We are enclosing herewith copies of answers to interrogatories from the tortfeasor, Daniel Bethke, indicating that he has available policy limits of $50,000.00 per person. There appears to be no doubt that the underinsured motorist coverage under Roger Szymczak's policy will come into play. For that reason, we are formally demanding arbitration, and we are appointing Jarad Staver, 2707 N. Mildred, Suite 2D, Chicago, Illinois 60614; telephone number 773/281-8150, as the arbitrator for the plaintiff. When you have received this letter, please contact me so that we can discuss what other information you may need regarding this case.

Yours very truly,

JOSEPH R. CURCIO, LTD.

Thomas W. Stewart

TWS/sel



**EXHIBIT**

_A_

JMP/lf

## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| ANNA R. SZYMCZAK, a minor, by her Mother and Next Friend, CARYL ANN CLEMENT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No.  00 LK 629 |
| DANIEL J. BETHKE, | ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S ANSWERS TO INTERROGATORIES

TO:    JOSEPH R. CURCIO, LTD.
       Attorney at Law
       161 North Clark Street – Suite 2550
       Chicago, Illinois 60601

1.  State the full name of the Defendant answering, as well as your current residence address, date of birth, marital status, driver's license number and issuing state, and social security number.  If different, give the full name, as well as the current resident address, date of birth, marital status, driver's license number and issuing state and social security number of individual signing these answers.

      ANSWER:    Daniel J. Bethke                Date of Birth: 12/05/43
                            516 South 1st Street          Married
                            Dundee, Illinois 60118     B320-1704-3346-IL

                            SS#: 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

2.  State the full names and current residence address of each person who witnessed or claims to have witnessed the occurrence that is the subject of this suit.

      ANSWER:    None.

3.  State the full name and current address of each person not named in Interrogatory Number 2 above who was present and/or claims to have been present at the scene immediately before, at the time of and/or immediately after the occurrence.

      ANSWER:    None.

4.  As a result of said occurrence, were you made a Defendant in any criminal or traffic case?  If so, state the Court, the caption, the case number, the charge or charges against you, whether you pleaded guilty thereto and the final disposition.

    ANSWER:   No.

5.  Were you the owner and/or driver of the vehicle involved in the occurrence?  If so, state whether the vehicle was repaired.  If so, when, where, by whom and the cost of said repairs.

    ANSWER:   Owner and driver, yes.  Dundee Collision Service, $639.00, 10/09/2000.

6.  Were you the owner and/or driver of any vehicle involved in the occurrence?  If so, state whether you were named or covered under any policy or policies of liability insurance effective on the date of the occurrence.  If so, state the name of each such company, the policy number, the effective period, the maximum liability limits for each person and each occurrence, including any umbrella or excess insurance coverage, property damage and medical payment coverage.

    ANSWER:   American Family Mutual Insurance Company, Policy No. 12-127744-02, 100/300/100.

7.  Do you have any information tending to indicate:

    (a)  That any Plaintiff was, within the five (5) years immediately prior to said occurrence, confined in a hospital, treated by a physician or x-rayed for any reason other than personal injury?  If so, state each Plaintiff so involved, the name and address of each such hospital and/or clinic, physician, technician and/or other health care professional, the approximate date of each confinement or service and state the reason for such confinement or service.

    (b)  That any Plaintiff has suffered any serious personal injury and/or illness prior to the date of said occurrence?  If so, state the name of each Plaintiff so involved and state when, where and, in general, how he or she was injured and/or ill and describe the injuries and/or illness suffered.

    (c)  That any Plaintiff has suffered any serious personal injury and/or illness since the date of said occurrence?  If so, state the name of each Plaintiff so involved and state for when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered.

    ANSWER:   None.

8.  Were any photographs, movies and/or videotapes taken of the scene of the occurrence and/or the vehicles involved?  If so, state the date on which the photographs, movies and/or videotapes were taken, the subject thereof, who now has custody of them and the name, address and occupation and employer of the person taking them.

    ANSWER:   No.

9. Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the occurrence complained of occurred? Or have you overheard any statement made by any person at any time with regard to the injuries complained of by the Plaintiff? Of the manner in which the occurrence complained of occurred? If the answer is in the affirmative, state the following:

   (a) The date of such conversations and/or statements.

   (b) The place of such conversations and/or statements.

   (c) All persons present for the conversations and/or statements.

   (d) The matters and things stated by the person in the conversations and/or statements.

   (e) Whether the conversation was oral, written and/or recorded.

   (f) Who has possession of the statement if written and/or recorded?

   ANSWER:     No.

10. Do you know of any statements made by any person relating to the occurrence? If so, give the name and address of each such witness, the date of the statement and state whether such statement was written and/or oral.

   ANSWER:     No.

11. Had you consumed any alcoholic beverage within 12 hours immediately prior to the occurrence? If so, state the names and addresses of those from whom it was obtained, where it was consumed, the particular kind and amount of alcoholic beverage so consumed by you and the names and current residence addresses of all persons known by you to have knowledge concerning the consumption of alcoholic beverages.

   ANSWER:     No.

12. Have you ever been convicted of a misdemeanor involving dishonesty, false statement or a felony? If so, state the nature thereof, the date of the revocation and the Court and the caption in which the conviction occurred. For the purpose of this interrogatory, a plea of guilty shall be considered as a conviction.

   ANSWER:     No.

13. Had you used any drugs or medications within 24 hours immediately prior to the occurrence? If so, state the names and addresses of those from who it was obtained, where it was used, the particular kind and amount of drug or medication so used by you, and the names and current residence addresses of all persons known by you to have knowledge concerning the use of said drug or medication.

   ANSWER:     No.

14. Were you employed on the day of the occurrence? If so, state the name and address of your employer and the date of employment and termination, if applicable. If your answer is in the affirmative, state the position, title, and nature of your occupational responsibilities with respect to your employment.

    ANSWER:   No.

15. What was the purpose and/or use for which the vehicle was being operated at the time of the occurrence?

    ANSWER:   Taking clothes to the Salvation Army.

16. State the name and address of all persons who have knowledge of the purpose for which the vehicle was being used at the time of the occurrence.

    ANSWER:   Carol F. Bethke
                   516 South 1st Street
                   Dundee, Illinois 60118

17. State the name and address of the registered owner of each vehicle involved in the occurrence.

    ANSWER:   Daniel J. Bethke
                   516 South 1st Street
                   Dundee, Illinois 60118

18. Have you ever had your driver's license suspended or revoked? If so, state whether it was suspended or revoked, the date it was suspended or revoked, the reason for the suspension or revocation, the period of time for which it was suspended or revoked, and the state that issued the license.

    ANSWER:   No.

19. Do you have or had you had any restrictions on your driver's license? If so, state the nature of the restrictions.

    ANSWER:   Yes, must wear eye glasses.

20. Do you have any medical and/or physical condition which required a physician's report and/or letter of approval in order to drive? If so, state the nature of the medical and/or physical condition, the physician or other health care professional who issued the letter and/or report, and the names and addresses of any physician or other health care professional who treated you for this condition prior to the occurrence.

    ANSWER:   No.

21. State the name and address of any physician, ophthalmologist, optician or other health care professional who performed any eye examination of you within the last five years and the dates of each such examination.

ANSWER:    Alan B. Hefner, M.D.        02/98
           87 N. Airlite Street
           Elgin, Illinois 60120

22. State the name and address of any physician or other health care professional who examined and/or treated you within the last 10 years and the reason for such examination and/or treatment.

ANSWER:    Michael Hernandez, M.D.    05/2000
           2320 Royal Boulevard
           Elgin, Illinois 60120       Physical Exam

23. Pursuant to Illinois Supreme Court Rule 213(f), provide the name and address of each witness who will testify at trial and state the subject of each witness' testimony.

ANSWER:    None.

24. Pursuant to Illinois Supreme Court Rule 213(g), provide the name and address of each opinion witness who will offer any testimony and state:

   (a) The subject matter on which the opinion witness is expected to testify.

   (b) The conclusions and/or opinions of the opinion witness and the basis therefore, including reports of the witness, if any.

   (c) The qualifications of each opinion witness, including a curriculum vitae and/or resume, if any.

   (d) The identity of any written reports of the opinion witness regarding the occurrence.

ANSWER:    None.

25. List the names and addresses of all other persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the occurrence and/or of the injuries and damages claimed to have resulted therefrom.

ANSWER:    None.

26. Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim as required by Illinois Supreme Court Rule 201(n).

ANSWER:    None.

DANIEL J. BETHKE

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

DANIEL J. BETHKE

## CERTIFICATE OF MAILING

The undersigned, being first duly sworn on oath, deposes and says that she served the above Interrogatories upon those to whom they are directed by inserting a true and correct copy of same in a properly addressed, stamped envelope and depositing it in the United States Mail located at the Woodfield Corporate Center, 475 Martingale Road, Suite 650, Schaumburg, Illinois 60173, before the hour of 5:00 P.M. on the 30th day of April, 2001.

*Linda Fruehling*

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

*Linda Fruehling*

JAMES M. HOFFMAN AND ASSOCIATES
Attorneys At Law
Woodfield Corporate Center
475 Martingale Road, Suite 650
Schaumburg, Illinois 60173
(847) 605-0111

Attorney for Defendant, Daniel J. Bethke
Being handled by Jesse M. Patton, Jr.

LAW OFFICES

# JOSEPH R. CURCIO, LTD.

JOSEPH R. CURCIO

THOMAS W. STEWART
PATTI L. TUTTLE
JOHN R. GOREY
DAVID M. HUNDLEY
THOMAS J. GIBBONS*
EMMET H. GALLAGHER
*ADMITTED IN FLORIDA, CALIFORNIA

161 NORTH CLARK STREET
SUITE 2550
CHICAGO, ILLINOIS 60601

TELEPHONE
(312) 321-1111
(312) 726-0114

FACSIMILE
(312) 321-3637

EMAIL
info@jrcurcio.com

December 26, 2002

Christine Thompson
Ohio Casualty Group
1919 South Highland Avenue
Suite 300B
Lombard, IL 60148

RE:    Our Client:            Anna Szymczak, a minor, by her mother
                              Caryl Clement
        Your Insured:         Roger W. Szymczak
        Your Claim Number:    00651414
        Date of Accident:     September 30, 2000
        Our File No:          200-297

Dear Christine:

Enclosed herewith you will find the materials that we promised to send to you.  These include the medical records from:

1.  Sherman Hospital;
2.  Northwestern Memorial Hospital;
3.  Rehab. Institute of Chicago;
4.  Sherman Hospital rehabilitation records;
5.  Streamwood Hospital & Rehab. Institute of Chicago;

We are also enclosing herewith a copy of our most recent statement of damages with medical bills.  In addition, we are enclosing a copy of the printout from the Illinois Department of Public Aid listing the payments for all medical providers, including many prescription medications.

As I advised you on the telephone, it is our position that the negligence of the tortfeasor was the direct cause of the conversion disorder and all treatment for that condition and was



EXHIBIT

B

Christine Thompson
December 26, 2002
Page 2

a contributing cause and triggering factor in the subsequent hospitalizations at Alexian Brothers and Streamwood Hospital & Rehab. Institute of Chicago.

We are also enclosing copies of the deposition of Dr. James Hammond, a psychologist who has performed neuropsychological testing, and Dr. Giri Gireesan and Dr. Charles Sisung.

It is our opinion that this case has a value exceeding $500,000.00. As we discussed, the coverage limits on this case are $500,000.00 with a setoff of $100,000.00, which was paid by American Family, who is the insurer for the tortfeasor. Consequently, our current demand for settlement of this case is $400,000.00.

Very truly yours,

JOSEPH R. CURCIO, LTD.

Thomas W. Stewart

TWS/sel
Enclosures

JRC/ams                    09/07/07                #02485

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

ANNA SZYMCZAK and          )
CARYL CLEMENT,             )
                           )
            Plaintiff,     )
                           )
        v.                 )        No.
                           )
OHIO CAUSALTY GROUP/WEST   )
AMERICAN INSURANCE CO.     )
            Defendant.     )

### RULE 222(b) AFFIDAVIT

JOSEPH R. CURCIO, on oath, deposes and states as follows:

1.      I am one of the attorneys assigned to the case on behalf of the Plaintiffs, ANNA SZYMCZAK and CARYL CLEMENT.

2.      I have personally discussed the circumstances of this occurrence with the plaintiffs and have learned the nature and extent of their resulting injuries.

3.      Based upon information presently available regarding the nature and extent of ANNA SZYMCZAK'S and CARYL CLEMENT'S injuries, I believe total damages exceed $50,000.00.

FURTHER YOUR AFFIANT SAYETH NOT.

                           By:  _____
                                    Joseph R. Curcio

SUBSCRIBED AND SWORN TO
before me this _____ day
of October, 2007.

_____
Notary Public

"OFFICIAL SEAL"
ANNE MARIE SCHROEDER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7/10/2011

EXHIBIT 2

27625.00BUO3                    Firm No. 412                        Doc. No. 757992

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANNA SZYMCZAK and CARYL CLEMENT, )<br>                                   )<br>              Plaintiffs,            )<br>                                   )<br>    v.                             )<br>                                   )<br>                                   )<br>                                   )<br>                                   )<br>OHIO CASUALTY GROUP/WEST AMERICAN )<br>INSURANCE COMPANY,                 )<br>                                   )<br>              Defendant.           ) | No.  07 L 10384<br>Removed to Federal Court<br><br>No.: _____ |

### AFFIDAVIT OF JAMES R. PUGH

1.    My name James R. Pugh.  I am an Assistant Vice President and Senior Corporate Counsel of Liberty Mutual Insurance Company.

2.    In my capacity as Assistant Vice President and Senior Corporate Counsel I have access to information about and I am familiar with companies that are part of the Liberty Mutual Group of companies.

3.    The plaintiffs in this case have filed a lawsuit in the Circuit Court of Cook County against Ohio Casualty Group/West American Insurance Company.

4.    "Ohio Casualty Group" is not a legal entity.  It does not have a state of incorporation or a principal place of business.

5.    West American Insurance Company is a part of the Liberty Mutual Group of companies.  West American Insurance Company is incorporated in the state of Indiana and has its principal place of business in Fairfield, Ohio.

FURTHER THIS AFFIANT SAYETH NAUGHT.

_____
James R. Pugh
Assistant Vice President and Senior Corporate Counsel

Commonwealth
~~State~~ of Massachusetts

County of Suffolk

Subscribed and sworn to before me this ___6th___ day of November, 2007.


Notary public

My commission expires ___4/20/2010___.

JamieLee Kimball
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 20, 2010

2

EXHIBIT 3



# Illinois Department of Financial and Professional Regulation

**Division of Insurance**

**ROD R. BLAGOJEVICH**
**Governor**

*00 65 14 #4*

**DEAN MARTINEZ**
Secretary

**MICHAEL T. McRAITH**
Director
Division of Insurance

October 10, 2007

NO CLAIMS - M.

West American Insurance Company
9450 Seward Road
Fairfield, OH 45014

**OCT 1 2 2007**

☐ DROP
☐ PULL
☐ RUSH

Re:    Case #07L10384

Gentlemen:

Enclosed please find copy of Summons and Complaint at Law received by me as your agent for service of process at 11:00 a.m. on October 9, 2007, in my Chicago office in the case of Anna Szymczak and Caryl Clement vs. your company, et al.

Sincerely,

Michael T. McRaith
Director of Insurance

MTM:EMC:alt
Enclosure

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

EXHIBIT 4

3/16/00  15:37:55  RRS #:529957    463801    Adj:S LAWSON Claim# - 653414    *P0199*

# ILLINOIS TRAFFIC CRASH REPORT

Sheet 1 of 1 Sheets

*P0199*

*47309297*

AGENCY CRASH REPORT NO. 00 09176

**UNIT 1**

Name (Last, First, M.I.): BEHNKE, DANIEL J.
Street Address: 516 S. FIRST ST.
City: W. DUNDEE  State: IL  Zip: 60118
Make: FORD  Model: PU  Year: 1997
Plate No.: 836EM  State: IL  Year: 00
VIN: 1FTDF1TW0UKA90245
Vehicle Owner: SAME
Owner Address: SAME
Insurance Co.: AMERICAN FAMILY
Policy No.: 1312714A0264

Date of Crash: 03/20/00  Time: 206 AM
Date of Birth: 12/01/73  Sex: M  Class: D
Driver's License No.: B947-A296-3629
State: IL
Telephone: 847-742-1763

**UNIT 2**

Name (Last, First, M.I.): CLEMENT, CARLYNN J.
Street Address: 450 N. DOUGLAS AVE
City: ELGIN  State: IL  Zip: 60120
Make: FORD  Model: VAN  Year: 1994
Plate No.: XBN322  State: IL  Year: 00
VIN: 1FTCE14N3RHB89135
Vehicle Owner: SAME
Insurance Co.: WESJ AMERICAN INS.
Policy No.: FPW 09638797

Date of Birth: 07/29  Sex: F
Driver's License No.: C4535-1005-9718
State: IL
Telephone: 847-888-

County: KANE
Municipality: ELGIN
Address No.: 8400 K ST
Highway or Street Name: SENECA ST

Investigated by: ELGIN
Police

DAMAGED PROPERTY OWNER NAME:
BEHNKE, DANIEL J.

Damaged Property:
MATHEW J. SZYMCZAK    456 RIDGE CT    ELGIN IL
BARNA R. SZYMCZAK    456 N. DOUGLAS    ELGIN

Officer Signature: J. McAuley  Star No. 144  Citation No. 992085

*IF YES, COMPLETE COMMERCIAL VEHICLE AREA ON BACK OF FORM

SR 1050 500M (Rev. 1/99) IL 434-0326
Printed by authority of the State

**COMMERCIAL VEHICLE**

DIAGRAM

4730927

NOT TO SCALE

INDICATE NORTH BY ARROW

BROOK ST.

STOP SIGN

SENECA ST.

STOP SIGN

NARRATIVE (Trailer to vehicle by Unit No.)

VEHICLE ONE WAS SOUTH BOUND ON BROOK ST. AND STOPPED
AT SENECA ST. THEN STARTED UP NOT SEEING VEHICLE
TWO. VEHICLE ONES FRONT END HIT THE LEFT REAR
OF VEHICLE TWO.

VEHICLE TWO SAID SHE SLOWED DOWN FOR THE INTER-
SECTION AND SAW DRIVER ONE STOP. SHE THEN
WENT AND WAS ALMOST THROUGH THE INTERSECTION
WHEN SHE GOT HIT.

LOCAL USE ONLY

UT Color WHITE    UB Color BLACK

UT Towed By / to    UB Towed By / to 8THAS TOW INC.