27625.00BWO3          Document #: 760958          Firm No. 412

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANNA SZYMCZAK and CARYL CLEMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 07 C 6338 |
| | ) | |
| WEST AMERICAN INSURANCE COMPANY, | ) | Judge: Joan H. Lefkow |
| | ) | |
| Defendant. | ) | Magistrate Judge Valdez |

### DEFENDANT WEST AMERICAN INSURANCE COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AT LAW

Defendant, WEST AMERICAN INSURANCE COMPANY, ("West American"), by and through its attorneys, Bradley C. Nahrstadt and Christina D. Harrison of Williams, Montgomery & John Ltd., and for its answer to Plaintiffs' Complaint at Law states as follows:

### ANSWER

### COUNT I – Breach of Contract

1. That the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY is a liability insurance company licensed to do business in the State of Illinois.

**ANSWER:** West American denies that "Ohio Casualty Group" is a legal entity. West American admits that it is an insurance company licensed to do business in the State of Illinois. West American denies the remaining allegations in Paragraph 1.

2. That pursuant to that license, the Defendant issued their Policy Number: FPW 09638797 with an effective day of May 16, 2000 to and including November 16, 2000, providing coverage for injuries sustained as a result of a motor vehicle collision including but not limited to underinsured motorist coverage in the amount of $500,000.

**ANSWER:** West American admits it issued a Personal Auto Policy, No. FPW 09638797, effective from May 16, 2000 to November 16, 2000, that provided underinsured motorist coverage in the amount of $500,000.

3. That on September 30, 2000, Plaintiff, Anna Szymczak was a passenger in the vehicle insured by the Defendant and begin driven by the Plaintiff, Caryl Clement which was then and there involved in an automobile crash.

**ANSWER:** Upon information and belief, West American admits the allegations contained in Paragraph 3.

4. That as a result of said crash, Plaintiff sustained serious injuries.

**ANSWER:** West American admits that Anna Szymczak was injured as a result of a vehicle collision on September 30, 2000. West American denies that those injuries were "serious."

5. That Plaintiff had requested of Defendant on the following occasions that this case proceed to Arbitration:

<u>05/16/01 – Demand for Arbitration;</u>

<u>06/13/01; 06/02/04; 03/21/05; 03/09/07.</u>

**ANSWER:** West American admits plaintiff requested arbitration scheduling on 5/16/01, 6/13/01, 6/2/04 and 3/21/05. West American has insufficient knowledge to admit or deny the remaining allegations in Paragraph 5.

6. That the Defendant has failed and refused and continues to fail and refuse to allow arbitration to proceed.

**ANSWER:** West American denies the allegations contained in Paragraph 6.

7. That said refusal amounts to a material breach of the contract of insurance that exists between Caryl Clement and Anna Szymczak, passenger in Caryl Clement's vehicle.

**ANSWER:** West American denies the allegations contained in Paragraph 7.

8. Plaintiff has identified and submitted for deposition their expert.

**ANSWER:** West American admits the allegations contained in Paragraph 8.

9. Defendant has consistently refused to schedule depositions of their disclosed experts.

**ANSWER:** West American denies the allegations contained in Paragraph 9.

10. Plaintiff has performed all conditions precedent required to be performed of her.

**ANSWER:** The allegations contained in Paragraph 10 call for a legal conclusion to which no response is required. To the extent that an answer is required, West American denies the allegations in Paragraph 10.

WHEREFORE, West American Insurance Company denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that judgment be entered in its favor and against the plaintiffs on the remaining pleadings.

West American Insurance Company demands trial by jury.

### COUNT II – Vexatious and Unreasonable Delay

1.-4. Plaintiff realleges and restates Paragraphs 1 through 4 of Count I as and for Paragraphs 1 through 4 of this Count II.

**ANSWER:** West American restates its responses to Paragraphs 1 through 4 of Count I as its response to Paragraphs 1 through 4 of Count II.

5. That on the 16th date of May 2001, Plaintiffs, through their attorneys, Curcio Law Offices, forwarded correspondence to the Defendant, Ohio Casualty Group, demanding Arbitration under the uninsured provisions of the policy. See copies of correspondence attached as Exhibit A.

**ANSWER:** West American admits that Exhibit A of the Complaint was sent and that it speaks for itself. West American denies the remaining allegations in Paragraph 5.

6. That as a result of the aforesaid policy and the language contained therein, it was then and there the duty of the defendant, Ohio Casualty Group, to investigate the facts of the claim, appoint an arbitrator and defend or settle the claim.

**ANSWER:** The allegations contained in Paragraph 6 call for a legal conclusion to which no response is required. To the extent that an answer is required, West American denies the allegations in Paragraph 6.

7. That in abrogation of the aforesaid duty, no response was made by the Defendant to any of the correspondence forwarded to them; no arbitrator was appointed and no reasonable offer of settlement was made under the underinsured provision of the policy of insurance.

**ANSWER:** West American denies the allegations contained in Paragraph 7.

8. That on the 26th day of December, 2002, Plaintiff has submitted to Defendants' legal representative medical records and a statement of damages for purposes of allowing the defendant an opportunity to evaluate the nature of the injuries sustained by Anna Szymczak and to decide whether to settle or defend the claim. See a copy of the correspondence is attached hereto as Exhibit B. Defendant has not responded to the correspondence.

**ANSWER:** West American admits that Ex. B to the Complaint was sent and that it speaks for itself. West American denies the remaining allegations contained in Paragraph 8.

9. That extensive discovery has been conducted, including but not limited to the Sworn Statement of Anna Szymczak and the Sworn Statement of innumerable fact witnesses.

**ANSWER:** West American admits only that discovery has occurred. West American denies the remaining allegations contained in Paragraph 9.

10. That the Plaintiff's counsel has requested that an arbitrator be named so that this matter may proceed to an orderly conclusion. No response has been received as a result of those conversations.

**ANSWER:** West American denies the allegations contained in Paragraph 10.

11. That the Defendant, Ohio Casualty Group/West American Insurance Company, by and through its agents, servants and employees failed and breached its duty to investigate, properly defend or settle said claim, give the interest of its insured equal consideration to their interest and their duty to deal fairly with the insured in one or more of the following ways:

    (a)    Failed to promptly and thoroughly investigate a claim of injury to the plaintiff;
    (b)    Failed to promptly and thoroughly investigate relative coverage issued to the claim;
    (c)    Failed to monitor the injuries of the injured;
    (d)    Failed to appoint an arbitrator in violation of the terms of the policy and the Illinois Insurance Code;

  (e)  Failed to submit this claim to arbitration in violation of the terms of the policy and the Illinois Insurance Code;
  (f)  Failed t make a reasonable effort to settle this claim; and
  (g)  Has otherwise frustrated and delayed the claims process.

**ANSWER:** West American denies the allegations contained in Paragraph 11 including subparts (a) through (g).

12. That as a result of the aforementioned claims practice and conduct, the Defendant, Ohio Casualty Group/West American Insurance Company, has acted in an unreasonable and vexatious manner in delaying the process and payment of a claim to the Plaintiff, Anna Szymczak, who was the innocent victim of negligence and who has been deprived benefits to which she is entitled.

**ANSWER:** West American denies the allegations contained in Paragraph 12.

13. That as a direct and proximate result of the aforementioned conduct and breach of contract of insurance by the Defendant, Ohio Casualty Group/West Insurance Company, the Plaintiff has suffered damages not only in obtaining fair and reasonable compensation for her injuries but also as a result of the unreasonable and vexatious delay by the Defendant, Ohio Casualty Group/West American Insurance Company, in properly evaluating her claim and in submitting the claim to arbitration as required by the terms and conditions of the policy.

**ANSWER:** West American denies the allegations contained in Paragraph 13.

WHEREFORE, West American Insurance Company denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that judgment be entered in its favor and against the plaintiffs on the remaining pleadings.

West American Insurance Company demands trial by jury.

## **AFFIRMATIVE DEFENSES**

West American Insurance Company, pleading in the alternative to its answer and denials above, and without prejudice to any future pleadings in this case, states its affirmative defenses to the plaintiffs' Complaint as follows:

5

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' breach of contract and vexatious and unreasonable delay claims are barred by the doctrine of laches, equitable estoppel, unclean hands and/or waiver based on the conduct of plaintiffs and their counsel in the underlying underinsured motorist matter.

**SECOND AFFIRMATIVE DEFENSE**

The vexatious and unreasonable delay claim asserted by plaintiffs is barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Any delay on the part of West American was due to an honest mistake, oversight or a genuine dispute and, therefore, is not an actionable breach or bad faith.

**PRAYER FOR RELIEF**

West American Insurance Company respectfully requests that this Court dismiss all counts of plaintiffs' Complaint with prejudice; award plaintiffs nothing by way of the Complaint; and award West American such further relief as this Court deems just and proper.

Respectfully submitted,
WEST AMERICAN INSURANCE COMPANY

By:  /s/ Christina D. Harrison
      Christina D. Harrison

Bradley C. Nahrstadt
Christina D. Harrison
Williams Montgomery & John Ltd.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200