JRG/ams/200-297     05/20/08     #02485

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANNA SZYMCZAK and CARYL CLEMENT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 07 C 6338 |
| v. ) | |
| ) | Judge:  Joan H. Lefkow |
| OHIO CASUALTY GROUP/WEST AMERICAN ) | |
| INSURANCE COMPANY, ) | Magistrate Judge Valdez |
| ) | |
| Defendants. ) | |

### MOTION FOR LEAVE TO FILE
### FIRST AMENDED COMPLAINT

NOW COME the Plaintiffs, ANNA SZYMCZAK and CARYL CLEMENT,  by and through their attorneys, CURCIO LAW OFFICES  and move this Honorable Court for the entry of an Order granting Plaintiffs leave to file their First Amended Complaint at Law, attached as Exhibit A, to clarify the issue and to add new allegations.

        Respectfully submitted,

        CURCIO LAW OFFICES
        Attorneys for Plaintiff


By:     /s/ Joseph R. Curcio
        Joseph R. Curcio

Suite 2550
161 North Clark Street
Chicago, Illinois  60601
(312) 321-1111

**EXHIBIT A**

JRG/s                              04/10/08                              #02485

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

| | |
|---|---|
| ANNA SZYMCZAK and CARYL CLEMENT, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 07 C 6338 ) |
| OHIO CAUSALTY GROUP/WEST AMERICAN INSURANCE CO. Defendant. | ) ) ) |

**AMENDED COMPLAINT AT LAW**

NOW COME the Plaintiffs, ANNA SZYMCZAK and CARYL CLEMENT, by their attorneys, CURCIO LAW OFFICES, and complaining against the Defendant OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, states as follows:

**COUNT I**
**Breach of Contract**

1.   That the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY is a liability insurance company licensed to do business in the State of Illinois.

2.   That pursuant to that license, the Defendant issued their Policy Number: FPW 0938797 with an effective day of May 16, 2000 to and including November 16, 2000, providing coverage for injuries sustained as a result of a motor vehicle collision including but not limited to underinsured motorist coverage in the amount of $500,000.00

2

3.  That on September 30, 2000, the Plaintiff, ANNA SZYMCZYK, was a passenger in the vehicle insured by the Defendant and being driven by the Plaintiff, CARYL CLEMENT, which was then and there involved in an automobile crash.

4.  That as a result of said crash, Plaintiff, ANNA SZYMCZYK, sustained serious personal and psychological injuries.

5.  That as a result of having been injured as a passenger in the vehicle insured by the Defendant, ANNA SZYMCZAK was covered by the underinsured provisions of the policy.

6.  That due to the nature and extent of the injuries suffered by ANNA SZYMCZAK in relation to the inadequate available insurance coverage from the other driver in the collision, the Defendant was aware that the underinsured coverage of $500,000.00 would be required to compensate ANNA SZYMCZAK for her damages.

7.  That in light of the clear implication of the underinsured coverage the defendant, through its chosen counsel, was advised of the status of discovery in the underlying tort case against the other driver and actively participated in said discovery.

8.  That Plaintiff reached a settlement with the driver of the other vehicle for that tortfeasor's underlying policy limits of $100,000, thereby exhausting the available insurance coverage and triggering the applicability of the underinsured coverage provided by Defendant to ANNA SZYMCZAK as a passenger in the vehicle of the defendant's insured, CARYL CLEMENT.

9. That the provisions of the insurance policy issued by the Defendant require that claimants seeking underinsured benefits demand arbitration through the American Arbitration Association.

10. That pursuant to the aforementioned underinsured provisions of the insurance policy the Plaintiff made her initial demand for arbitration on May 16, 2001.

11. That pursuant to the aforementioned contract of insurance, upon Plaintiff's demand for arbitration under the underinsured provisions of the policy, Defendant had a duty to conduct a reasonable investigation into the underlying facts and allegations of the claim, appoint an arbitrator on its behalf and then proceed to a reasonably expeditious resolution of the claim by way of settlement or arbitration hearing.

12. That since May 16, 2001, the Defendant, through its chosen counsel, has breached it's duty to conduct a reasonable investigation and proceed to a reasonably expeditious resolution of the matter and despite the passage of over eight (8) years since the occurrence and nearly seven (7) years since the initial demand for arbitration has refused and continues to refuse to resolve the claim through settlement or arbitration.

13. That since her initial demand for arbitration on May 16, 2001, the Plaintiff has repeatedly requested that the case proceed to arbitration both by telephone calls to counsel for defendant and by written correspondence.

14. Defendant has ignored all of the aforementioned attempts by Plaintiff at expeditiously moving the case forward, has deliberately delayed the

4

discovery process and has failed and refused and continues to fail and refuse to allow the matter to proceed to an arbitration hearing.

15.    That said delay and refusal to proceed to an arbitration hearing amounts to a material breach of the contract of insurance that exists between the Defendant and Anna Szymczak, as a passenger in the vehicle of defendant's insured Caryl Clement.

16.    In addition to the aforementioned delay and refusal to schedule an arbitration, defendant, through it's chosen counsel, has also deliberately employed the use of illegitimate claims of privilege as a means of further delaying discovery and for the express purpose of insulating its experts opinions from impeachment and further disadvantaging plaintiff at an eventual arbitration hearing.

17.    To that effect, defendant has retained and identified two expert witnesses that will purportedly offer testimony in defense of the psychological damages claimed by the Plaintiff, namely Dr. Peter Fink and Dr. Abigail Sivan.

18.    Upon the disclosure of these retained expert witnesses, Plaintiff attempted to schedule the depositions of these witnesses so that Plaintiff could be apprised of their opinions in the eventual arbitration hearing.

19.    That prior to the initial filing of this lawsuit, the Defendant, through its chosen counsel, deliberately delayed the discovery process by ignoring plaintiff's numerous attempts to schedule said depositions by failing to return numerous phone calls and respond to letters seeking said depositions.

20.    That since the initial filing of this lawsuit, the defendant has now

offered dates for the depositions of their experts, while at the same time refusing to produce materials relevant to the underlying bases of the expert's opinions, namely the raw data and test scores relating to the battery of psychological testing plaintiff underwent at the direction of the defendant's experts' as a part of their defense medical examination, thereby rendering any deposition as to the strengths and validity of the experts' opinions meaningless.

21. That in support of its position on the refusal to supply plaintiff with the underlying bases, or potential lack thereof, of its retained experts, the defendant, through its chosen counsel, has deliberately taken the illogical and legally deficient position that there exists a statutory and patient-physician privilege between their retained experts and the plaintiff that somehow protects the disclosure of the raw data that formed the bases of Defendant's retained expert's opinions to the plaintiff, i.e. the individual that underwent the tests in the first instance.

22. That there exists no legal privilege protecting test scores, raw data or other communications between the plaintiff and an expert chosen by the defendant to conduct a defense medical examination for purposes of rendering an expert opinion in the defense of a damage claim made by the plaintiff.

23. That defendant has ignored and continues to ignore all attempts to resolve the issues relating to disclosing the underlying bases of their experts' opinions and continues to rely upon illegitimate claims of privilege as means to further delay the resolution of this claim and disadvantage the plaintiff in the

preparation of her case.

24.　That defendant's refusal to allow plaintiff to meaningfully discover the underlying bases of the experts that will potentially testify against her interests at an eventual arbitration hearing amounts to a material breach of the contract of insurance that exists the Defendant and Anna Szymczak, as a passenger in the vehicle of defendant's insured, Caryl Clement.

25.　That Plaintiff has performed all conditions precedent required to be performed of her pursuant to the contract and is thereby entitled to an arbitration hearing to settle the matter of her damages.

26.　That Defendant's continued pattern of delay, in taking over seven years to "investigate" an automobile injury claim, and its continued refusal to proceed to an arbitration hearing is unreasonable and violates plaintiff's contractual rights to have her matter expeditiously resolved by settlement or arbitration hearing.

WHEREFORE, Plaintiffs pray for judgment against the Defendant, OHIO CASUALTY COMPANY/WEST AMERCIAN INSURANCE COMPANY for said material breach in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00).

## COUNT II
### Vexatious and Unreasonable Delay

1-26.　Plaintiff re-alleges and re-states Paragraphs 1 through 26 of Count I as and for Paragraphs 1 through 26 of this Count II.

27.　That the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, is subject to the provisions of the Illinois Insurance Code,

including but not limited to 215 ILCS 5/154.5 and 154.6 which prohibit improper claims practices.

28.  That the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, is subject to the provisions of the Illinois Insurance Code, 215 ILCS 5/155, entitling a claimant to attorneys fees and sanctions in the event of a finding of unreasonable and vexatious delay in settling or otherwise resolving a claim.

29.  That as a result of the aforesaid policy and the language contained therein, it was then and there the duty of the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, pursuant to the Illinois Insurance Code to conduct a reasonable and prompt investigation into the facts and allegations of the claim, appoint an arbitrator on its behalf and then proceed to a reasonably expeditious resolution of the claim by way of settlement or arbitration hearing.

30.  That in abrogation of the aforesaid statutory duty, the Defendant has failed to conduct a reasonable and prompt investigation into the facts and allegations of the claim and refused to resolve the matter by way of settlement or arbitration hearing.

31.  That in addition to the breach of its common law contractual duty as set forth in Count I, the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, by and through its agents, servants and employees, failed and breached its statutory duty to investigate, properly defend or settle said claim, give the interest of its insured equal consideration to their interest and

their duty to deal fairly with the insured, in one or more of the following ways:

    (a)    Failed to promptly and thoroughly investigate a claim of injury to the plaintiff;

    (b)    Failed to promptly and thoroughly investigate relative coverage issued to the claim;

    (c)    Failed to monitor the injuries of the injured;

    (d)    Failed to appoint an arbitrator in violation of the terms of the policy and the Illinois Insurance Code;

    (e)    Failed to submit this claim to arbitration in violation of the terms of the policy and the Illinois Insurance Code.

    (f)    Failed to make a reasonable effort to settle this claim;

    (g)    Improperly delayed its discovery efforts;

    (h)    Improperly and unreasonably refused to respond to telephone calls and correspondence by Plaintiff's counsel seeking a resolution of both the claim in its entirety and various discovery disputes;

    (i)    Improperly refused to schedule the depositions of expert witnesses for purposes of unnecessary delay;

    (i)    Improperly posed illegitimate claims of privilege over defense expert documents as a means to delay the matter and prejudice the plaintiff's efforts to meaningfully prepare and present her case;

    (j)    Has otherwise dealt unfairly with Plaintiff and deliberately frustrated and delayed the claims process.

32. That as a result of the aforementioned claims practice and conduct, the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, has acted in an unreasonable and vexatious manner in delaying the processing and payment of a claim to the Plaintiff, ANNA SZYMCZAK, who was the innocent victim of negligence and who has been deprived benefits to which she is entitled.

33.     That as a direct and proximate result of the aforementioned conduct and breach of contract of insurance by the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, the plaintiff has suffered damages not only in obtaining fair and reasonable compensation for her injuries but also as a result of the unreasonable and vexatious delay by the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, in properly evaluating her claim and in submitting the claim to arbitration as required by the terms and conditions of the policy.

WHEREFORE, the Plaintiff, ANNA SZYMCZAK, prays this Honorable Court:

(A)   Declare that the delay occasioned by the Defendant, OHIO CASUALTY GROUP/WEST AMERCIAN INSURANCE COMPANY, has been unreasonable and vexatious;

(B)   Award penalties and attorneys fees in favor of the Plaintiff and against the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, Pursuant to the applicable provisions of the Illinois Insurance Code; and

(C)   Enter such other and alternative relief as the Court sees fit under the circumstances.

                      Respectfully submitted,

                      CURCIO LAW OFFICES
                      Attorneys for Plaintiff

Suite 2550                      By:   /s/Joseph R. Curcio
161 N. Clark St.                             Joseph R. Curcio
Chicago, Illinois 60601
(312) 321-1111
Atty No. 02485