JRG/ams/200-297            03/26/08              #02485

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ANNA SZYMCZAK and CARYL CLEMENT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OHIO CASUALTY GROUP/WEST AMERICAN ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendants. ) | No. 07 C 6338 <br><br> Judge:  Joan H. Lefkow <br><br> Magistrate Judge Valdez |

### MOTION FOR RULE TO SHOW CAUSE AGAINST DR. ABIGAIL SIVAN and MOTION TO COMPEL WEST AMERICAN INSURANCE COMPANY TO PRODUCE CERTAIN RECORDS

NOW COME the Plaintiffs, ANNA SZYMCZAK and CARYL CLEMENT, by their attorneys, CURCIO LAW OFFICES, and in support of their Motion for Rule to Show Cause against Dr. Abigail Sivan and Motion to Compel West American Insurance Company to produce records relating to the defense medical examination of Plaintiff, ANNA SZYMCZAK, states as follows:

1.    That this matter arises out of a claim for vexatious and unreasonable delay pursuant to the Illinois Insurance Code and for breach of contract relating to uninsured motorist benefits.

2.    That on September 30, 2000, the Plaintiff, ANNA SZYMCZAK was injured in an automobile collision.  The underlying policy of insurance was tendered thereby allowing for an underinsured motorist claim to be brought against WEST AMERICAN INSURANCE COMPANY.  That claim has been pending now since May 16, 2001.

3.  That one of the elements of damages is an injury that is psychological in nature.  As a result, the defendant has retained expert witnesses, Dr. Fink and Dr. Sivan, to render opinions with regards to the nature and extent of the psychological injury suffered by the plaintiff as well as its proximate cause to the automobile collision in question.

4.  That at the request of Defendant, AMERICAN WEST INSURANCE COMPANY, Plaintiff presented herself to their retained expert psychiatrist, DR. ABIGAIL SIVAN, for purposes of undergoing psychological tests.  Those tests form the bases of the opinions of Dr. Sivan and Dr. Fink in relation to this case.

5.  That Plaintiffs have requested the Defendants, pursuant to a Request for Production, produce the raw data answer sheets and related scoring analysis that was generated as a result of the tests undergone by Dr. Sivan at their request.  Similarly, Plaintiffs have issued a subpoena directly to Dr. Sivan for those materials.  As of this date, the Defendant has refused to produce the requested materials to the Plaintiff.  The stated basis for this refusal is a patient/physician privilege.

6.  There is no physician/patient privilege between the plaintiff and the defense's retained expert. The sole bases of the Plaintiff seeing Dr. Sivan was not for any clinical treatment, but rather at the request of the insurance company for purposes of them preparing expert testimony in their defense.  There could be no conceivable bases for a licensed attorney to conclude that there is any privilege between the communications of the Plaintiff, ANNA SZYMCZAK, and their retained expert.

7.The Defendants have cited Clinical Psychologists' Licensing Act, 225 ILCS 15/1, et. seq., as a further basis for their failure to disclose this information. The confidentiality provisions of the Act do not apply to the situation where the clinical psychologist is seeing a patient for purposes of expert testimony rather than treatment.  Specifically, Section 15-5 of the Act states as follows:

> Confidentiality of information.  No clinical psychologist
> Shall disclose any information he or she may have
> Acquired from persons consulting him or her in his or
> Her professional capacity, to any persons except
> Only;
> 
> (1)In trials for homicide when the disclosure relates directly to the fact or immediate circumstances of the homicide;
> 
> (2)In all proceedings the purpose of which is to determine mental competency, or in which a defense of mental incapacity is raised;
> 
> (3)In actions, civil or criminal against the psychologist for malpractice;
> 
> (4)**With the express consent of the client or in the case of his or her death or disability or his or her personal representative or other person authorized to sue or the beneficiary of an insurance policy on his or her life, health or physical condition;** or
> 
> (5)Upon an issue as to the validity of a document as a will of a client. In the event of a conflict between the application of this section and the Mental Health and Developmental Disabilities Confidentiality Act to a specific situation, the Provisions of the Mental Health and Developmental Disabilities Confidentiality Act shall control.  See *225 ILCS 15/5*

3

8. Moreover, the definition Section 15/2 defines clinical psychology as follows:

> Clinical psychology means the independent evaluation classification and treatment of mental, emotional, behavioral, or nervous disorders or conditions, developmental disabilities, alcoholism and substance abuse, disorders of habit or conduct, the psychological aspects of physical illness. The practice of clinical psychology includes psycho-educational evaluation, therapy, remediation and consultation, the use of psychological and neuro-psychological testing, assessment, psychotherapy, psychoanalysis, hypnosis, biofeedback, and behavioral modification **when any of these are used for the purpose of preventing or eliminating psychopathology or for the amelioration of psychological disorders of individuals or groups.** See 225 ILCS 15/2.

9. Clearly Dr. Sivan was not seeing the Plaintiff in her professional capacity as a clinical psychiatrist for the purpose of preventing or eliminating psychopathology or for the amelioration of psychological disorders of individuals or groups as required by the definition in the Act. To the contrary, the purpose of Dr. Sivan seeing Plaintiff was to help prevent the insurance company from paying substantial money to the plaintiff in her cause of action against them. There could be no conceivable argument that Dr. Sivan was attempting to treat or care for the psychological condition of the Plaintiff. As such, there could be no conceivable reason for Dr. Sivan, or the defense attorneys, from raising any privilege in this context or in this situation, particularly given the fact that any privilege that did exist would be the Plaintiff's to assert and not the doctor's. Moreover, as neither Dr. Sivan nor the defense attorneys representing the insurance company have any standing to raise a confidentiality privilege or the

act on behalf of the plaintiff, the pre-condition that the materials be sent only to another licensed psychologist is not well-founded.

10. The raw data that allegedly gives rise to the defense experts opinions is necessary for a meaningful deposition of the Defendant's chosen expert witnesses and there could be no just reason for denying the Plaintiff the ability to probe and question the Defendant's experts on the underlying bases of their opinions. In short, the position taken by the defendants is unreasonable and warrants judicial intervention.

WHEREFORE, the Plaintiff prays this Honorable Court issue a Rule to Show Cause as to why Dr. Abigail Sivan should not be held in contempt of court for violating the subpoena and to compel defendants' attorneys to produce the data requested and for attorney's fees and sanctions for their unreasonable delay in this case.

                                      Respectfully submitted,

                                      CURCIO LAW OFFICES


                                By:    /s/ Joseph R. Curcio
                                           Joseph R. Curcio

Attorneys for Plaintiffs
Suite 2550
161 North Clark Street
Chicago, Illinois 60601
(312) 321-1111