27625.00BWO3                    Firm No. 412                    Document #: 775464

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANNA SZYMCZAK and CARYL CLEMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 07 C 6338 |
| | ) | |
| OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, | ) ) | Judge: Joan H. Lefkow |
| | ) | |
| Defendant. | ) | Magistrate Judge Valdez |

### RESPONSE BRIEF OF THE DEFENDANT, WEST AMERICAN INSURANCE COMPANY, IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

NOW COMES the defendant, WEST AMERICAN INSURANCE COMPANY, ("West American"), by and through its attorneys, Bradley C. Nahrstadt and Christina D. Harrison of Williams, Montgomery & John Ltd., and for its Response Brief in Opposition to the Plaintiffs' Motion to Compel and for Sanctions, states as follows:

### BACKGROUND

On May 21, 2008, counsel for the plaintiffs filed a motion for rule to show cause against Dr. Abigail Sivan and a motion to compel and for sanctions against West American. As plaintiffs set forth in their motion, they have been involved in litigation against West American for some time. The minor plaintiff, Anna Szymczak, was allegedly injured in an automobile accident. She, and her mother, are pursuing an underinsured motorist claim against their own insurer, West American. As part of that claim, the minor plaintiff contends that she is suffering from certain psychological injuries. Counsel for West American (who are not the counsel representing West American in this action) retained Dr. Abigail Sivan to examine the minor

plaintiff to determine the nature and extent of her alleged psychological injuries, as well as whether those injuries were allegedly caused by the automobile accident in question.

As part of her assessment of Anna Szymczak, Dr. Sivan administered an assessment battery of various psychological measures to the minor plaintiff. The raw data consisting of the answer sheets and related scoring analyses have not been produced to plaintiffs' counsel, although the testing scores and analyses have been included in a written report authored by Dr. Sivan and produced to plaintiffs' counsel. The gist of plaintiffs' motion—as least as it applies to West American—is that the company should be compelled to turn over that raw data to plaintiffs' counsel and that the company should be sanctioned for not turning over that data sooner.

For the reasons set forth below, plaintiffs' motion to compel and for sanctions should be denied.

**ARGUMENT**

1. **This is Not the Proper Forum to Seek Discovery for the Plaintiffs' Arbitration.**

To begin with, it is very important that this Honorable Court recognize that this action—the one currently pending before this court—is an action for bad faith. Dr. Sivan is not an expert witness hired by West American to serve as an expert witness on its behalf in this cause of action. Dr. Sivan was retained by separate counsel hired by West American to defend it against the underinsured motorist claim brought by the plaintiffs—a claim that is not before this court.

In essence, the plaintiffs are seeking to use this bad faith action to compel West American to provide them with information regarding their underinsured motorist claim. Indeed, plaintiffs' counsel has told counsel for West American, and this court, that he filed this bad faith action in an effort to obtain "discovery compliance" in the pending underinsured arbitration proceeding.

Discovery in this matter should be designed to determine whether the defendant has attempted to resolve the plaintiffs' underinsured motorist claim in good faith, consistent with the common law and statutory provisions governing the handling of claims in this state. It should not be used to attempt to obtain information regarding a completely separate proceeding. This is not the proper forum to seek the production of raw data generated by a retained expert in a different proceeding and plaintiffs' request for an order compelling West American to produce that data and for sanctions should be denied.

2. **West American did not Refuse to Produce Documents Based on a Claim of Privilege.**

The plaintiffs' spend a large portion of their motion arguing that West American refused to produce the requested raw data based on a claim of physician/patient privilege. See plaintiffs' motion, pages 2-5. However, this argument is patently false.

Plaintiffs served West American with requests for production of documents in this case. None of those requests has anything whatsoever to do with the defendants' alleged bad faith in handling the plaintiffs' underinsured motorist claim. Instead, all 29 of the requests concern the production of data and documents in the possession of Dr. Sivan, who is neither a party to this lawsuit nor an employee of West American. See a copy of West American's response to plaintiffs' requests for production of documents, attached hereto as Exhibit A. In response to plaintiffs' requests for production of documents, West American raised four general objections[1]: (1) the requests seek documents that are not in "the possession, custody or control" of West American; (2) the requests seek information that is not relevant to this action and not likely to lead to evidence relevant to this action; (3) the requests are overly broad and unduly burdensome

---

[1] Although West American objected to plaintiffs' requests for production of documents, it responded to many of the requests, without waiving the general objections, by directing plaintiffs' to the voluminous production made in the underinsured motorist arbitration proceeding. See Exhibit A.

3

in the type and scope of documents requested; and (4) the requests are duplicative of the requests served and answered in the arbitration between the plaintiffs' and West American, No. U00-65141 and of the subpoena served in this action on Dr. Sivan. Nowhere in its response to the plaintiffs' requests for production of documents does the defendant object to the production of the raw data which is in the exclusive possession of Dr. Sivan on the grounds that the said data is protected from disclosure based on the physician/patient privilege. Accordingly, plaintiffs' motion should be denied.

It should also be noted that plaintiffs' motion is missing one very important piece of information. Counsel for West American in this action has been informed that Dr. Sivan believes that the Illinois laws which govern clinical psychologists restrict the disclosure of test material that would compromise the objectivity or fairness of the testing process. The type of information sought by plaintiffs' counsel can be released by Dr. Sivan only to another licensed psychologist. In accordance with 740 ILCS § 110/3(c), Dr. Sivan agreed to release the raw data requested by plaintiffs' counsel to a licensed psychologist designated by plaintiffs' counsel. See a copy of Dr. Sivan's November 13, 2007 letter to plaintiffs' counsel attached hereto as Exhibit B. This is not a circumstance where Dr. Sivan has refused to provide plaintiffs' counsel with the requested raw data, but rather is a circumstance where plaintiffs' counsel has failed to designate a licensed psychologist who can receive the raw data directly from Dr. Sivan.

3.   **Plaintiffs' Motion Fails to Comply with Federal and Local Rules Governing Discovery Motions.**

This court's standing order specifically states the following with regard to discovery motions:

> All motions to compel must comply with Fed. R. Civ. P. 37(a)(2). Certification required by the rule shall be made separately from the

text of the motion and shall set out specific actions taken towards resolution.

Federal Rule of Civil Procedure 37(a)(2) requires all motions to compel to include a certification that the movant has in good faith conferred or attempted to confer with the party not making the requested disclosure in an effort to secure the disclosure without court action.

Plaintiffs' counsel failed to comply with the requirements set forth in F.R.C.P. 37(a)(2) prior to filing the instant motion to compel and for sanctions. Moreover, the plaintiff's motion fails to include the certification required by this Honorable Court's standing order—either as part of or separate from the text of the motion. For this reason, too, plaintiffs' motion to compel and for sanctions should be denied.

WHEREFORE, the defendant, WEST AMERICAN INSURANCE COMPANY, respectfully requests that this Honorable Court enter an order denying the plaintiffs' motion to compel and for sanctions. The defendant respectfully requests any other relief that this Honorable Court deems just and appropriate.

                Respectfully submitted,

                WEST AMERICAN INSURANCE COMPANY

                By: _____
                     Bradley C. Nahrstadt

Bradley C. Nahrstadt
Christina D. Harrison
Counsel for West American
Williams Montgomery & John Ltd.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200

5

## PROOF OF SERVICE

The undersigned, on oath, deposes and says that I served a copy of the above and foregoing referenced document, upon all attorneys of record by mailing a copy to each person listed below and by electronically filing a copy of this document with the court by 5:00 p.m. on the 27th Day of May, 2008.

Bradley C. Nahrstadt

Joseph R. Curcio
Curcio Law Office
161 North Clark Street
Chicago, Illinois  60601

**Counsel for Plaintiffs**
**Anna Szymczak and Caryl Clement**

27625.00BWO3                  Firm No. 412                  Document #: 769094

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANNA SZYMCZAK and CARYL CLEMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 07 C 6338 |
| | ) | |
| OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, | ) ) | Judge: Joan H. Lefkow |
| | ) | |
| Defendant. | ) | Magistrate Judge Valdez |

### DEFENDANT'S OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION

Defendant, WEST AMERICAN INSURANCE COMPANY, ("West American"), by and through its attorneys, Bradley C. Nahrstadt and Christina D. Harrison of Williams, Montgomery & John Ltd., and for its Objections to Plaintiffs' Requests for Production states as follows:

### GENERAL OBJECTIONS

1.  West American objects to plaintiffs' Requests as they seek documents not in "the possession, custody or control" of West American. All 29 Requests concern Dr. Abigail Sivan, who is neither a party to this lawsuit nor an employee of West American. Moreover, plaintiffs can seek this discovery through a properly served subpoena. In fact, plaintiffs have already served a subpoena on Dr. Sivan that contains documents requests which are identical to the Requests served on West American.

2.  The Requests seek information not relevant to this action and not likely to lead to evidence relevant to this action. All of the Requests concern Dr. Sivan who is not a party to this action. Dr. Sivan has no involvement with and is not relevant to the allegations of breach of contract and bad faith put forth in plaintiffs' complaint at law.



3.      The Requests themselves are over broad and burdensome in the type and scope of documents requested.

4.      Finally the Requests are duplicative of the requests served and answered in the Arbitration between Anna Szymczak and West American, No. U00-65141 and of the subpoena served in this action on Dr. Sivan. The sheer size and duplication of the Requests is so extreme as to make them harassing.

## RESPONSES

1.      Any and all documents and/or tangible materials/medical records, MRI or x-ray films and tests which have been provided to Abigail Sivan, Ph.D. regarding any aspect of this case from any source. THIS INCLUDES MEDICAL RECORDS FROM OTHER HEALTH CARE PROVIDERS.

**RESPONSE**: See General Objections above.

2.      Abigail Sivan, Ph.D.'s entire file, including but not limited to, hard copies of emails sent and received, any and all reports, letters, memoranda and/or notes generated and notes, handwritten or otherwise, graphs, computer printouts, all documents completed by the claimant, copies of tests and test results completed by her office or at her direction, and all models, illustrations, photographs, exhibits or documents of any kind which she intends or contemplates using to explain, illustrate or support her testimony at the trial of this matter. **This includes computer printouts.**

**RESPONSE**: See General Objections above. Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

3.      All records of time spent by Dr. Sivan or any member of her staff in connection with the work performed regarding this case.

**RESPONSE**: See General Objections above. Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

4.      Dr. Sivan's current curriculum vitae.

**RESPONSE**: See General Objections above.

2

5. Any and all publications in which the accepted principles (including basis for test administration and interpretation) and theories upon which Dr. Sivan relied to reach her conclusion and opinions, including professional journals, text, or published papers emanating from seminars and/or symposiums.

**RESPONSE**: See General Objections above.

6. Any and all articles and published material authored by Dr. Sivan, including the title, date and publishing company of any text, and the name and page numbers of any periodical which contains any article authored by her.

**RESPONSE**: See General Objections above.

7. A list of all cases in which Dr. Sivan has testified as an expert in trial or deposition, conducted an investigation (records review), evaluation and/or prepared a report, for the last three years, specifying the names of parties, identify of counsel, dates such evaluations, records review, or testimony occurred and whether such case was a referral from plaintiff or defense.

**RESPONSE**: See General Objections above. Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

8. A list of ALL cases (not limited to three years) in which Dr. Sivan has received referrals from the named defendant, or the law firm defending this case or the insurance company who engaged the law firm defending this case, specifying:
   A. The names of the parties.
   B. The amount of all monies paid to Dr. Sivan on the case in question and from what source.
   C. The identity of the party who retained Dr. Sivan and whether it was plaintiff or defense.

**RESPONSE**: See General Objections above. Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

9. Hard copies of email to or from any source referencing this case.

**RESPONSE**: See General Objections above.

10. Hard copy of Dr. Sivan's website.

3

Case 1:07-cv-06338    Document 24    Filed 05/27/2008    Page 10 of 14

**RESPONSE**: See General Objections above.

11. Any and all testing manuals used in Dr. Sivan's evaluation. The actual test booklets used to determine cutoff scores for the application, interpretation and administration of any and all tests given.

**RESPONSE**: See General Objections above.

12. Any and all advertising bills for Dr. Sivan for the last three (3) years and copies of actual ads run at any time for last (three) 3 years.

**RESPONSE**: See General Objections above.

13. Hard copies of any and all PowerPoint presentations and/or outlines given or outlines produced for any talks or speeches by Dr. Sivan.

**RESPONSE**: See General Objections above.

14. Any and all scoring manuals used in Dr. Sivan's evaluation.

**RESPONSE**: See General Objections above.

15. All time records, diaries, and bills, prepared and rendered in connection with Dr. Sivan's investigation and evaluation of the issues involved in this lawsuit as well as all documents reflecting monies/fees paid or received. (To include members of Dr. Sivan's staff).

**RESPONSE**: See General Objections above. Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

16. A complete and accurate copy of documents created for or received from, and a complete list of all courses/seminars Dr. Sivan has attended or in which Dr. Sivan has otherwise participated within the last three (3) years.

**RESPONSE**: See General Objections above.

17. Copies of any and all templates used in the generation of any letters or reports by Dr. Sivan.

**RESPONSE**: See General Objections above.

4

18. If more than one physician signs the medical reports generated from Dr. Sivan's office on this patient, provide documentation showing the monies received by each individual physician relating to this patient.

**RESPONSE**: See General Objections above.

19. Any and all items, tapes, things, papers, DVD's, CD's, that were given or sent to the doctor by any source regarding this case, including, but not limited to, surveillance materials, whether that material was returned to the individual who provided it to the doctor. If the material was returned, the undersigned requests that it be obtained in time for the deposition, so the Plaintiffs can determine all of the information that may have been provided to this witness.

**RESPONSE**: See General Objections above.

20. The undersigned specifically requests the doctor NOT destroy or eliminate or remove any items requested in this document from his/her file regarding the Plaintiff.

**RESPONSE**: West American has no ability to enforce this request. Morever, this Request was already included in the subpoena served on Dr. Sivan in this action.

21. All letters, documents, forms and/or reports either in electronic or paper format regarding this client. This is specifically to avoid a situation where the deponent, Dr. Sivan, may claim other documents might be in another file or in the custody of someone else in the office.

**RESPONSE**: See General Objections above. Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

22. Any and all papers presented by Dr. Sivan.

**RESPONSE**: See General Objections above.

23. Copies of all bills, breakdown as to what professional charged for what professional service issued by Dr. Sivan.

**RESPONSE**: See General Objections above. Without waiving these objections, please see the material produced in the matter of Arbitration between *Anna Szymczak v. West American Co.*, No. U00-651414.

24. If affiliated with a University please produce all Notices of Outside Activities regarding this case with reference to Dr. Sivan.

**RESPONSE**: See General Objections above.

25. A copy of Dr. Sivan's <u>personal or office litigation calendar</u> of all scheduled activities, including but not limited to, investigation of accident claims, depositions, review of medical records and documents from the defense attorney, and appearances at trial and arbitration for 2004.

**RESPONSE**: See General Objections above.

26. A copy of any writings or documents related to any <u>medial courses</u>, including but not limited to, anatomy, diagnosis, orthopedics, neurology, physical therapy, Dr. Sivan has taken at any medical or chiropractic college or university.

**RESPONSE**: See General Objections above.

27. Any and all applications to University of College in which Dr. Sivan claims to be affiliated in any manner as an adjunct professor.

**RESPONSE**: See General Objections above.

28. A copy of any document from a university of college approving Dr. Sivan as an instructor, lecturer, professor, or adjunct professor.

**RESPONSE**: See General Objections above.

29. A copy of Dr. Sivan's application to the Institutional Review Board at University or college she claims to be affiliated with in any manner for approval.

**RESPONSE**: See General Objections above.

                                        WILLIAMS MONTGOMERY & JOHN LTD.


                                        By: _____
                                            Christina D. Harrison

Bradley C. Nahrstadt
Christina D. Harrison
Williams Montgomery & John Ltd.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200

## **PROOF OF SERVICE**

The undersigned, on oath, deposes and says that I served a copy of the above and foregoing referenced document, upon all attorneys of record by mailing a copy to each person listed below by 5:00 p.m. on the 21st Day of March, 2008.

_____
Christina D. Harrison

Joseph R. Curcio
Curcio Law Office
161 North Clark Street
Chicago, Illinois  60601

**Counsel for Plaintiffs**
**Anna Szymczak and Caryl Clement**

Nov 21 2007 10:42AM   CURCIO#LAW                              3123213637                              p.3

Fax:                              Nov 13 2007 11:19am  P002/003

# Cavanaugh & Associates
1725 West Harrison Street, Suite 110
Chicago, Illinois 60612

(312) 829-1463
Facsimile: (312) 829-1476

James L. Cavanaugh, Jr., M.D.

Katie A. Busch, M.D.
David W. Carrington, M.D.
Peter M. Fink, M.D.
Aimee St. Pierre, M.D.
Lisa A. Rone, M.D.
Abigail B. Sivan, Ph.D.
Orest Eugene Wesyliw, Ph.D.

Associates

David E. Hartman, Ph.D.
Daniel Loiterstein, M.D.

Consultants

November 13, 2007

Curcio Law Offices
161 N. Clark Street
Suite 2550
Chicago, IL 60601

RE: Subpoena for expert file
Anna Szymczak v. West American Insurance Co.

To whom it may concern:

It is my understanding that most of the information requested in the Subpoena was forwarded to you by messenger on Friday November 9 by Dr. Peter Fink.

The only document I am attaching is the one page of notes I took before seeing Ms. Szymczak.

I cannot forward copies of my testing as these are restricted by Illinois Statute [Illinois Clinical Psychology Licensing Act and the Mental Health and Developmental Disabilities Act]. I can provide copies of the testing to another Licensed Psychologist. As soon as you provide me the name of such a person and that person's relationship to you as the attorney for the plaintiff, I will make copies of the testing materials for that person's review.

I look forward to receiving the name of the psychologist with whom you are working. As soon as I receive that name and request, I will forward the test protocols. In the meantime, you have copies of my data and interpretation in the addendum to the report prepared by Dr. Fink and myself.

Sincerely,

*[signature]* Abigail B. Sivan, Ph.D.

Abigail B. Sivan, Ph.D.
Licensed Clinical Psychologist

EXHIBIT B