JRG/ams/200-297  06/10/08  #02485

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANNA SZYMCZAK and CARYL CLEMENT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 07 C 6338 |
| v. ) | |
| ) | Judge:  Joan H. Lefkow |
| OHIO CASUALTY GROUP/WEST AMERICAN ) | |
| INSURANCE COMPANY, ) | Magistrate Judge Valdez |
| ) | |
| Defendants. ) | |

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL WEST AMERICAN INSURANCE COMPANY TO PRODUCE CERTAIN RECORDS MOTION AND FOR RULE TO SHOW CAUSE AGAINST DR. ABIGAIL SIVAN**

NOW COME the Plaintiffs, ANNA SZYMCZAK and CARYL CLEMENT, by their attorneys, CURCIO LAW OFFICES, and in reply to the Defendant's Response, states as follows:

1. **Contrary to the Position Adopted by Defendant in it's Response, This Is A Proper Forum To Resolve the Issues Presented by Plaintiff's Motion**

   a. **This Court has the Authority to Compel the Arbitration to Proceed**

   The pending underinsured arbitration and this breach of contract and vexatious delay action arising out of defendant's failure to proceed to said arbitration are inexplicably intertwined and, therefore, are not separate actions as proposed by the defendant in its response.  The underlying underinsured motorist arbitration has not yet resolved and the acts of bad faith, unfair dealing and vexatious delay as alleged by the Plaintiff in her Complaint are still ongoing.

From a practical standpoint, it makes sense for the parties to proceed first to arbitration and then upon its completion, proceed to trial on the issue of whether the delay of over 7 years is unreasonable and vexatious pursuant to the Illinois Insurance Code and common law principles of breach of contract.

In that regard, this court certainly has the authority to enter relief requiring that the defendant proceed to arbitration. In Illinois, uninsured and underinsured motorist coverage is governed by section 143(a) of the Insurance Code which statutorily mandates that insurers proceed to arbitration for disputed claims from insureds seeking underinsured benefits. 215 ILCS 5/143a (West 2004). Under section 16 of the Uniform Arbitration Act, the making of an arbitration agreement providing for arbitration in this state **confers jurisdiction on any circuit court of this state to enforce the agreement** under this Act and to enter judgment on the award thereunder. 710 ILCS 5/16 (West 2004), see also Universal Underwriters Insurance Company v. Judge & James, 309 Ill.Dec. 207, 220, 865 N.E.2d 544 (1st Dist. 2007). As such, this Court has both the jurisdiction and the authority to compel the defendant to proceed to arbitration, and to do so in a manner that is fair to the parties. Without such authority, a litigant seeking uninsured/underinsured benefits would be at the mercy of insurance companies as to when and how their claims are processed and leave them with no venue for a resolution of disputes over the method and means of the arbitration process. The plaintiff is seeking just such a resolution to this type of problem by seeking to enforce her rights through a direct action against the

insurance company that is denying her claim. Therefore, the relief currently sought by the Plaintiff in her motions, namely the production of the test results and raw data that serve as the basis for defendant's expert's opinions, is both relevant to the issues at hand and is necessary for a resolution of the claim as a whole.

### b. The Delay in the Deposition of the Expert and the Legitimacy of the Reasons Therefore are Relevant to the Issues Pled in the Complaint

The Plaintiff's complaint alleges that the defendant has refused and continues to refuse to proceed to underinsured arbitration through various forms of delay, including the failure to produce its expert witness for a meaningful and fair discovery deposition. In paragraphs 16 through 24 of Counts I and II of the First Amended Complaint, Plaintiff has specifically alleged that the current position adopted by the Defendant regarding its refusal to produce the raw data from the psychological tests directly to plaintiffs counsel as an instance of bad faith and unfair delaying for which relief is being sought through this cause of action. (See Exhibit A, Plaintiffs First Amended Complaint, p. 5-7) As such, its production is relevant to the issues of the complaint. Moreover, one of the relevant issues in determining whether the position adopted by an insurance company is being made in good faith is whether the underlying basis for their proposed defense to the claim has any legitimacy. In this case, the test results and raw data that serve as the basis for the defendant's psychological expert's opinions are certainly subject to misuse or outright manipulation as a means to reach erroneous conclusions, a point that can only be demonstrated through

their production and subsequent inquiry at deposition. In this circumstance, a decision by the defendant to base its denial of a rightful claim upon an expert opinion that is clearly not supported by the underlying tests that were taken by their expert and at their request could be very relevant to the issues of bad faith, unfair dealing and vexatious delay that will be ultimately decided by this Court. The fact that defendant is currently placing conditions upon the production of this important material that serve to insulate the use of the data as a means of impeachment of their expert witness should not be permitted and requires a judicial resolution.

Also, in addition to plaintiff's prayer for relief in her complaint seeking the statutory damages and fees afforded by the Illinois Insurance Code, Plaintiff has also sought for this court to enter "such other and alternative relief as the Court sees fit under the circumstances." (See Ex. A, p. 10) In this case, such relief would certainly include entering an order that compels the parties to proceed to arbitration and resolves any discovery disputes, legitimate or otherwise, that currently serves as an impediment to an arbitration that has now been pending for over 7 years. It would seem that notions of both fairness and judicial economy would require that the underlying underinsured arbitration that serves as the basis for the complaint proceed and be completed before this Court proceed to a trial on the issues of defendant's unreasonable and vexatious delay.

4

### c. Defendant has waived its argument that this lawsuit is an improper forum

The defendant has waived its argument that this is an "improper forum" to seek this information. In its response to the Request for Production seeking these records the Defendant posed several General Objections, none of which asserted that this lawsuit was an improper forum to seek the information. To the contrary, the Defendant stated that:

> "plaintiffs can seek this discovery through a properly served subpoena. In fact plaintiffs have already served a subpoena on Dr. Sivan that contains document requests which are identical to the Requests served on West American." (See Exhibit B, Defendant's Response to Request for Production)

If the point of contention was not merely a routine objection that the information sought is not relevant or unduly burdensome, but rather that this lawsuit is an improper forum to seek the discovery, then the appropriate objection should have been made at the time that the defendant answered the discovery. Moreover, it should be noted that defendant's counsel was present at the April 22, 2008 status when Plaintiff's counsel advised the court that it was seeking this discovery and, in fact, would be presenting a motion for rule to show cause and to compel its production. At that time, the defendant never asserted that this lawsuit was an improper venue for the discovery sought and was silent as the Court set the matter over to June 12, 2008 for the specific purpose of allowing Plaintiff time to prepare and present the motion.

5

2.     **Contrary to the Position Adopted by Defendant in it's Response, West American is Refusal to Produce the Documents Upon a Claim Based Upon Physician-Patient Privilege**

West American is the underwriter for the insurance policy at issue and is the defendant in the pending underinsured arbitration and this pending action, which as set forth above are inextricably intertwined. Therefore, the positions and actions taken by counsel defending American West in the underinsured motorist arbitration are still positions and actions taken by American West as it relates to the issues involved in this case. In response to Plaintiff's request for the answer sheets, scores and other raw data relating to the tests she underwent at the request of Defendant's expert, counsel for American West asserted that certain laws in Illinois relating to patient-physician privilege protected the records from disclosure to Plaintiff's counsel and then placed conditions on their release that (a) continued to insulate the use of the data by plaintiff's counsel at any upcoming discovery deposition, (b) required that plaintiff retain its own psychologist to receive records and (c) obtain approval of the court for the records to be disclosed to anyone other than the retained psychologist, including her own attorneys. (See Exhibit C, Letter of March 7, 2008 from counsel for American West). Respectfully, there is no physician patient relationship between Dr. Sivan and the Plaintiff and, therefore, there is no basis for any conditions to be placed upon the disclosure to plaintiff's counsel of tests administered to her that were not conducted for purposes of mental health treatment or diagnosis, but rather solely to serve as a basis for a defense expert's

opinion in litigation. Put simply, because neither Dr. Sivan nor Dr. Fink administered the tests for purposes of diagnosing and treating the plaintiff, but rather to reach an opinion solely for litigation, statutes designed to protect the confidentiality of a mental health patient's treatment have no application to a defense medical examination. These statutes are designed to protect the patient, not to insulate a defense expert from disclosing the basis of its opinion against the plaintiff.

WHEREFORE, the Plaintiff prays this Honorable Court to (1) issue a Rule to Show Cause as to why Dr. Abigail Sivan should not be held in contempt of court for violating the subpoena, (2) to compel defendants' attorneys to produce the data requested, (3) to compel the deposition of defendant's experts in the underinsured motorist arbitration and (4) to compel that the underinsured motorist arbitration proceed.

Respectfully submitted,

CURCIO LAW OFFICES

By: /s/ Joseph R. Curcio
Joseph R. Curcio

Attorneys for Plaintiffs
Suite 2550
161 North Clark Street
Chicago, Illinois 60601
(312) 321-1111