## EXHIBIT A

JRG/s                              04/10/08                              #02485

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

ANNA SZYMCZAK and          )
CARYL CLEMENT,             )
                           )
            Plaintiff,     )
                           )
       v.                  )    No. 07 C 6338
                           )
OHIO CAUSALTY GROUP/WEST   )
AMERICAN INSURANCE CO.     )
            Defendant.     )

### AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, ANNA SZYMCZAK and CARYL CLEMENT, by their

attorneys, CURCIO LAW OFFICES, and complaining against the Defendant OHIO

CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, states as follows:

### COUNT I
### Breach of Contract

1.     That the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN

INSURANCE COMPANY is a liability insurance company licensed to do business in

the State of Illinois.

2.     That pursuant to that license, the Defendant issued their Policy

Number: FPW 0938797 with an effective day of May 16, 2000 to and including

November 16, 2000, providing coverage for injuries sustained as a result of a

motor vehicle collision including but not limited to underinsured motorist

2



coverage in the amount of $500,000.00

3.      That on September 30, 2000, the Plaintiff, ANNA SZYMCZYK, was a passenger in the vehicle insured by the Defendant and being driven by the Plaintiff, CARYL CLEMENT, which was then and there involved in an automobile crash.

4.      That as a result of said crash, Plaintiff, ANNA SZYMCZYK, sustained serious personal and psychological injuries.

5.      That as a result of having been injured as a passenger in the vehicle insured by the Defendant, ANNA SZYMCZAK was covered by the underinsured provisions of the policy.

6.      That due to the nature and extent of the injuries suffered by ANNA SZYMCZAK in relation to the inadequate available insurance coverage from the other driver in the collision, the Defendant was aware that the underinsured coverage of $500,000.00 would be required to compensate ANNA SZYMCZAK for her damages.

7.      That in light of the clear implication of the underinsured coverage the defendant, through its chosen counsel, was advised of the status of discovery in the underlying tort case against the other driver and actively participated in said discovery.

8.      That Plaintiff reached a settlement with the driver of the other vehicle for that tortfeasor's underlying policy limits of $100,000, thereby exhausting the available insurance coverage and triggering the applicability of the underinsured coverage provided by Defendant to ANNA SZYMCZAK as a

passenger in the vehicle of the defendant's insured, CARYL CLEMENT.

9.    That the provisions of the insurance policy issued by the Defendant require that claimants seeking underinsured benefits demand arbitration through the American Arbitration Association.

10.    That pursuant to the aforementioned underinsured provisions of the insurance policy the Plaintiff made her initial demand for arbitration on May 16, 2001.

11.    That pursuant to the aforementioned contract of insurance, upon Plaintiff's demand for arbitration under the underinsured provisions of the policy, Defendant had a duty to conduct a reasonable investigation into the underlying facts and allegations of the claim, appoint an arbitrator on its behalf and then proceed to a reasonably expeditious resolution of the claim by way of settlement or arbitration hearing.

12.    That since May 16, 2001, the Defendant, through its chosen counsel, has breached it's duty to conduct a reasonable investigation and proceed to a reasonably expeditious resolution of the matter and despite the passage of over eight (8) years since the occurrence and nearly seven (7) years since the initial demand for arbitration has refused and continues to refuse to resolve the claim through settlement or arbitration.

13.    That since her initial demand for arbitration on May 16, 2001, the Plaintiff has repeatedly requested that the case proceed to arbitration both by telephone calls to counsel for defendant and by written correspondence.

14.    Defendant has ignored all of the aforementioned attempts by

4

Plaintiff at expeditiously moving the case forward, has deliberately delayed the discovery process and has failed and refused and continues to fail and refuse to allow the matter to proceed to an arbitration hearing.

15.    That said delay and refusal to proceed to an arbitration hearing amounts to a material breach of the contract of insurance that exists between the Defendant and Anna Szymczak, as a passenger in the vehicle of defendant's insured Caryl Clement.

16.    In addition to the aforementioned delay and refusal to schedule an arbitration, defendant, through it's chosen counsel, has also deliberately employed the use of illegitimate claims of privilege as a means of further delaying discovery and for the express purpose of insulating its experts opinions from impeachment and further disadvantaging plaintiff at an eventual arbitration hearing.

17.    To that effect, defendant has retained and identified two expert witnesses that will purportedly offer testimony in defense of the psychological damages claimed by the Plaintiff, namely Dr. Peter Fink and Dr. Abigail Sivan.

18.    Upon the disclosure of these retained expert witnesses, Plaintiff attempted to schedule the depositions of these witnesses so that Plaintiff could be apprised of their opinions in the eventual arbitration hearing.

19.    That prior to the initial filing of this lawsuit, the Defendant, through its chosen counsel, deliberately delayed the discovery process by ignoring plaintiff's numerous attempts to schedule said depositions by failing to return numerous phone calls and respond to letters seeking said depositions.

5

20. That since the initial filing of this lawsuit, the defendant has now offered dates for the depositions of their experts, while at the same time refusing to produce materials relevant to the underlying bases of the expert's opinions, namely the raw data and test scores relating to the battery of psychological testing plaintiff underwent at the direction of the defendant's experts' as a part of their defense medical examination, thereby rendering any deposition as to the strengths and validity of the experts' opinions meaningless.

21. That in support of its position on the refusal to supply plaintiff with the underlying bases, or potential lack thereof, of its retained experts, the defendant, through its chosen counsel, has deliberately taken the illogical and legally deficient position that there exists a statutory and patient-physician privilege between their retained experts and the plaintiff that somehow protects the disclosure of the raw data that formed the bases of Defendant's retained expert's opinions to the plaintiff, i.e. the individual that underwent the tests in the first instance.

22. That there exists no legal privilege protecting test scores, raw data or other communications between the plaintiff and an expert chosen by the defendant to conduct a defense medical examination for purposes of rendering an expert opinion in the defense of a damage claim made by the plaintiff.

23. That defendant has ignored and continues to ignore all attempts to resolve the issues relating to disclosing the underlying bases of their experts' opinions and continues to rely upon illegitimate claims of privilege as means to

6

further delay the resolution of this claim and disadvantage the plaintiff in the preparation of her case.

24. That defendant's refusal to allow plaintiff to meaningfully discover the underlying bases of the experts that will potentially testify against her interests at an eventual arbitration hearing amounts to a material breach of the contract of insurance that exists the Defendant and Anna Szymczak, as a passenger in the vehicle of defendant's insured, Caryl Clement.

25. That Plaintiff has performed all conditions precedent required to be performed of her pursuant to the contract and is thereby entitled to an arbitration hearing to settle the matter of her damages.

26. That Defendant's continued pattern of delay, in taking over seven years to "investigate" an automobile injury claim, and its continued refusal to proceed to an arbitration hearing is unreasonable and violates plaintiff's contractual rights to have her matter expeditiously resolved by settlement or arbitration hearing.

WHEREFORE, Plaintiffs pray for judgment against the Defendant, OHIO CASUALTY COMPANY/WEST AMERCIAN INSURANCE COMPANY for said material breach in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00).

## COUNT II
### Vexatious and Unreasonable Delay

1-26. Plaintiff re-alleges and re-states Paragraphs 1 through 26 of Count I as and for Paragraphs 1 through 26 of this Count II.

27. That the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN

7

INSURANCE COMPANY, is subject to the provisions of the Illinois Insurance Code, including but not limited to 215 ILCS 5/154.5 and 154.6 which prohibit improper claims practices.

28.    That the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, is subject to the provisions of the Illinois Insurance Code, 215 ILCS 5/155, entitling a claimant to attorneys fees and sanctions in the event of a finding of unreasonable and vexatious delay in settling or otherwise resolving a claim.

29.    That as a result of the aforesaid policy and the language contained therein, it was then and there the duty of the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, pursuant to the Illinois Insurance Code to conduct a reasonable and prompt investigation into the facts and allegations of the claim, appoint an arbitrator on its behalf and then proceed to a reasonably expeditious resolution of the claim by way of settlement or arbitration hearing.

30.    That in abrogation of the aforesaid statutory duty, the Defendant has failed to conduct a reasonable and prompt investigation into the facts and allegations of the claim and refused to resolve the matter by way of settlement or arbitration hearing.

31.    That in addition to the breach of its common law contractual duty as set forth in Count I, the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, by and through its agents, servants and employees, failed and breached its statutory duty to investigate, properly defend or settle

8

said claim, give the interest of its insured equal consideration to their interest and

their duty to deal fairly with the insured, in one or more of the following ways:

   (a)   Failed to promptly and thoroughly investigate a claim of
         injury to the plaintiff;

   (b)   Failed to promptly and thoroughly investigate relative coverage
         issued to the claim;

   (c)   Failed to monitor the injuries of the injured;

   (d)   Failed to appoint an arbitrator in violation of the terms of the
         policy and the Illinois Insurance Code;

   (e)   Failed to submit this claim to arbitration in violation of the
         terms of the policy and the Illinois Insurance Code.

   (f)   Failed to make a reasonable effort to settle this claim;

   (g)   Improperly delayed its discovery efforts;

   (h)   Improperly and unreasonably refused to respond to telephone calls
         and correspondence by Plaintiff's counsel seeking a resolution of
         both the claim in its entirety and various discovery disputes;

         (i)   Improperly refused to schedule the depositions of expert
         witnesses for purposes of unnecessary delay;

         (i)   Improperly posed illegitimate claims of privilege over defense
         expert documents as a means to delay the matter and prejudice
         the plaintiff's efforts to meaningfully prepare and present her case;

         (j)   Has otherwise dealt unfairly with Plaintiff and deliberately
         frustrated and delayed the claims process.

   32.   That as a result of the aforementioned claims practice and

conduct, the Defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE

COMPANY, has acted in an unreasonable and vexatious manner in delaying

the processing and payment of a claim to the Plaintiff, ANNA SZYMCZAK, who

was the innocent victim of negligence and who has been deprived benefits to

9

which she is entitled.

33.    That as a direct and proximate result of the aforementioned conduct and breach of contract of insurance by the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, the plaintiff has suffered damages not only in obtaining fair and reasonable compensation for her injuries but also as a result of the unreasonable and vexatious delay by the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, in properly evaluating her claim and in submitting the claim to arbitration as required by the terms and conditions of the policy.

WHEREFORE, the Plaintiff, ANNA SZYMCZAK, prays this Honorable Court:

(A)    Declare that the delay occasioned by the Defendant, OHIO CASUALTY GROUP/WEST AMERCIAN INSURANCE COMPANY, has been unreasonable and vexatious;

(B)    Award penalties and attorneys fees in favor of the Plaintiff and against the defendant, OHIO CASUALTY GROUP/WEST AMERICAN INSURANCE COMPANY, Pursuant to the applicable provisions of the Illinois Insurance Code; and

(C)    Enter such other and alternative relief as the Court sees fit under the circumstances.

Respectfully submitted,

CURCIO LAW OFFICES
Attorneys for Plaintiff

Suite 2550                              By:    /s/Joseph R. Curcio
161 N. Clark St.                                    Joseph R. Curcio
Chicago, Illinois 60601
(312) 321-1111
Atty No. 02485

10

BK3124P09 JFG

RECEIVED MAR 2 4 2008

27625.00BWO3            Firm No. 412            Document #: 769094

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANNA SZYMCZAK and CARYL CLEMENT,       )
                                            )
           Plaintiff,            )
                                            )
      v.                                  )     No.:  07 C 6338
                                            )
OHIO CASUALTY GROUP/WEST AMERICAN    )
INSURANCE COMPANY,                       )     Judge:  Joan H. Lefkow
                                            )
           Defendant.            )     Magistrate Judge Valdez

## DEFENDANT'S OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION

Defendant, WEST AMERICAN INSURANCE COMPANY, ("West American"), by and through its attorneys, Bradley C. Nahrstadt and Christina D. Harrison of Williams, Montgomery & John Ltd., and for its Objections to Plaintiffs' Requests for Production states as follows:

### GENERAL OBJECTIONS

1.     West American objects to plaintiffs' Requests as they seek documents not in "the possession, custody or control" of West American. All 29 Requests concern Dr. Abigail Sivan, who is neither a party to this lawsuit nor an employee of West American. Moreover, plaintiffs can seek this discovery through a properly served subpoena. In fact, plaintiffs have already served a subpoena on Dr. Sivan that contains documents requests which are identical to the Requests served on West American.

2.     The Requests seek information not relevant to this action and not likely to lead to evidence relevant to this action. All of the Requests concern Dr. Sivan who is not a party to this action. Dr. Sivan has no involvement with and is not relevant to the allegations of breach of contract and bad faith put forth in plaintiffs' complaint at law.



EXHIBIT
B

3.    The Requests themselves are over broad and burdensome in the type and scope of documents requested.

4.    Finally the Requests are duplicative of the requests served and answered in the Arbitration between Anna Szymczak and West American, No. U00-65141 and of the subpoena served in this action on Dr. Sivan.  The sheer size and duplication of the Requests is so extreme as to make them harassing.

## RESPONSES

1.    Any and all documents and/or tangible materials/medical records, MRI or x-ray films and tests which have been provided to Abigail Sivan, Ph.D. regarding any aspect of this case from any source.  THIS INCLUDES MEDICAL RECORDS FROM OTHER HEALTH CARE PROVIDERS.

**RESPONSE**: See General Objections above.

2.    Abigail Sivan, Ph.D.'s entire file, including but not limited to, hard copies of emails sent and received, any and all reports, letters, memoranda and/or notes generated and notes, handwritten or otherwise, graphs, computer printouts, all documents completed by the claimant, copies of tests and test results completed by her office or at her direction, and all models, illustrations, photographs, exhibits or documents of any kind which she intends or contemplates using to explain, illustrate or support her testimony at the trial of this matter.  **This includes computer printouts.**

**RESPONSE**: See General Objections above.  Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

3.    All records of time spent by Dr. Sivan or any member of her staff in connection with the work performed regarding this case.

**RESPONSE**: See General Objections above.  Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

4.    Dr. Sivan's current curriculum vitae.

**RESPONSE**:  See General Objections above.

2

5.    Any and all publications in which the accepted principles (including basis for test administration and interpretation) and theories upon which Dr. Sivan relied to reach her conclusion and opinions, including professional journals, text, or published papers emanating from seminars and/or symposiums.

**RESPONSE**: See General Objections above.

6.    Any and all articles and published material authored by Dr. Sivan, including the title, date and publishing company of any text, and the name and page numbers of any periodical which contains any article authored by her.

**RESPONSE**: See General Objections above.

7.    A list of all cases in which Dr. Sivan has testified as an expert in trial or deposition, conducted an investigation (records review), evaluation and/or prepared a report, for the last three years, specifying the names of parties, identify of counsel, dates such evaluations, records review, or testimony occurred and whether such case was a referral from plaintiff or defense.

**RESPONSE**: See General Objections above.  Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

8.    A list of ALL cases (not limited to three years) in which Dr. Sivan has received referrals from the named defendant, or the law firm defending this case or the insurance company who engaged the law firm defending this case, specifying:
   A.    The names of the parties.
   B.    The amount of all monies paid to Dr. Sivan on the case in question and from what source.
   C.    The identity of the party who retained Dr. Sivan and whether it was plaintiff or defense.

**RESPONSE**: See General Objections above.  Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

9.    Hard copies of email to or from any source referencing this case.

**RESPONSE**: See General Objections above.

10.    Hard copy of Dr. Sivan's website.

**RESPONSE**: See General Objections above.

11.    Any and all testing manuals used in Dr. Sivan's evaluation.  The actual test booklets used to determine cutoff scores for the application, interpretation and administration of any and all tests given.

**RESPONSE**: See General Objections above.

12.    Any and all advertising bills for Dr. Sivan for the last three (3) years and copies of actual ads run at any time for last (three) 3 years.

**RESPONSE**: See General Objections above.

13.    Hard copies of any and all PowerPoint presentations and/or outlines given or outlines produced for any talks or speeches by Dr. Sivan.

**RESPONSE**: See General Objections above.

14.    Any and all scoring manuals used in Dr. Sivan's evaluation.

**RESPONSE**: See General Objections above.

15.    All time records, diaries, and bills, prepared and rendered in connection with Dr. Sivan's investigation and evaluation of the issues involved in this lawsuit as well as all documents reflecting monies/fees paid or received.  (To include members of Dr. Sivan's staff).

**RESPONSE**: See General Objections above.  Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

16.    A complete and accurate copy of documents created for or received from, and a complete list of all courses/seminars Dr. Sivan has attended or in which Dr. Sivan has otherwise participated within the last three (3) years.

**RESPONSE**: See General Objections above.

17.    Copies of any and all templates used in the generation of any letters or reports by Dr. Sivan.

**RESPONSE**: See General Objections above.

18.    If more than one physician signs the medical reports generated from Dr. Sivan's office on this patient, provide documentation showing the monies received by each individual physician relating to this patient.

**RESPONSE**: See General Objections above.

19.    Any and all items, tapes, things, papers, DVD's, CD's, that were given or sent to the doctor by any source regarding this case, including, but not limited to, surveillance materials, whether that material was returned to the individual who provided it to the doctor. If the material was returned, the undersigned requests that it be obtained in time for the deposition, so the Plaintiffs can determine all of the information that may have been provided to this witness.

**RESPONSE**: See General Objections above.

20.    The undersigned specifically requests the doctor NOT destroy or eliminate or remove any items requested in this document from his/her file regarding the Plaintiff.

**RESPONSE**:    West American has no ability to enforce this request.    Morever, this Request was already included in the subpoena served on Dr. Sivan in this action.

21.    All letters, documents, forms and/or reports either in electronic or paper format regarding this client. This is specifically to avoid a situation where the deponent, Dr. Sivan, may claim other documents might be in another file or in the custody of someone else in the office.

**RESPONSE**: See General Objections above.  Without waiving these objections, please see the material produced in the Arbitration between Anna Szymczak and West American, No. U00-651414.

22.    Any and all papers presented by Dr. Sivan.

**RESPONSE**:  See General Objections above.

23.    Copies of all bills, breakdown as to what professional charged for what professional service issued by Dr. Sivan.

**RESPONSE**: See General Objections above.  Without waiving these objections, please see the material produced in the matter of Arbitration between *Anna Szymczak v. West American Co.*, No. U00-651414.

24.    If affiliated with a University please produce all Notices of Outside Activities regarding this case with reference to Dr. Sivan.

**RESPONSE**: See General Objections above.

25.     A copy of Dr. Sivan's <u>personal or office litigation calendar</u> of all scheduled activities, including but not limited to, investigation of accident claims, depositions, review of medical records and documents from the defense attorney, and appearances at trial and arbitration for 2004.

**RESPONSE**: See General Objections above.

26.     A copy of any writings or documents related to any <u>medial courses</u>, including but not limited to, anatomy, diagnosis, orthopedics, neurology, physical therapy, Dr. Sivan has taken at any medical or chiropractic college or university.

**RESPONSE**: See General Objections above.

27.     Any and all applications to University of College in which Dr. Sivan claims to be affiliated in any manner as an adjunct professor.

**RESPONSE**: See General Objections above.

28.     A copy of any document from a university of college approving Dr. Sivan as an instructor, lecturer, professor, or adjunct professor.

**RESPONSE**: See General Objections above.

29.     A copy of Dr. Sivan's application to the Institutional Review Board at University or college she claims to be affiliated with in any manner for approval.

**RESPONSE**: See General Objections above.

WILLIAMS MONTGOMERY & JOHN LTD.

By: _____
Christina D. Harrison

Bradley C. Nahrstadt
Christina D. Harrison
Williams Montgomery & John Ltd.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200

6

RECEIVED MAR 1 3 2008
B/C 3/13/08 JRG

LAW OFFICES OF

# LAWRENCE COZZI

1431 OPUS PLACE, SUITE 310
DOWNERS GROVE, IL 60515-1166

LAWRENCE P. COZZI
MICHAEL L. ABRAMSON
MONICA E. BANET
SHARI D. GOGGIN-WARD
FREDERICK M. GREEN
EDWARD M. JANUSZKIEWICZ
AILEEN M. SOLOVY
CHRISTOPHER WAPLE
JAMES J. ZAHOUR
MARK H. ZAPF

TELEPHONE: (630) 515-9777
TELEFAX:   (603) 334-9765 (NEW NUMBER)
DownersGroveLegal@LibertyMutual.com

A Staff Legal Office of the Liberty Mutual Group
Not a Partnership or Professional Corporation

SENIOR PARALEGAL
KATHLEEN V. FLYNN

PARALEGALS
KATHLEEN A. CARLSON
KAREN S KELLEY
JENNIFER ZIMA

March 07, 2008

Joseph R. Curcio Esq.
Joseph R. Curico, Ltd.
161 N. Clark Street, Suite 2550
Chicago, IL 60601

Re:    Szymczak vs. West American Insurance Co.
       Court No.    U00-651414
       Claim No.    00651414

Dear Mr. Curcio:

On July 12, 2006, in connection with the expert opinion provided by Dr. Peter Fink, defendant's retained expert psychiatrist, Dr. Abigail Sivan, a licensed psychologist, administered an assessment battery of various psychological measures to plaintiff, Anna Szymczak. The raw data consisting of the answer sheets and related scoring analyses have not been produced to plaintiff's counsel, although the testing scores and analyses have been included in a written memorandum by Dr. Sivan dated July 19, 2006, that has been produced to plaintiff's counsel.

Plaintiff's counsel now desires the raw data. Because Illinois law restricts the disclosure of test material that would compromise the objectivity or fairness of the testing process, the following conditions shall govern Dr. Sivan's release of the raw data:

1.  The raw data consisting of answer sheets and related scoring analyses will be released only to a licensed psychologist, as designated by plaintiff's counsel, and Dr. Sivan will release the raw data directly to that psychologist.
2.  The psychologist of plaintiff's choosing shall not copy or re-release the raw data to any other person without approval by the Court.
3.  The documentation and information contained in the raw data produced to the licensed psychologist shall not be used for any purposes unconnected to this lawsuit.
4.  The documentation and information produced to the licensed psychologist shall not be made of public record.
5.  At the conclusion of this litigation, the raw data shall be returned to Dr. Sivan.

Very truly yours,

Shari D. Goggin-Ward
Encls.

EXHIBIT
C