# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6338 | **DATE** | 6/18/2008 |
| **CASE TITLE** | Szymczak, et al. vs. Ohio Casualty Group/West America Insurance Company | | |

**DOCKET ENTRY TEXT**

In-court ruling held. Plaintiffs' motion to compel [22] is granted. The parties are to prepare an agreed protective order and submit to chambers by June 25, 2008. The motion for rule to show cause against Abigail Sivan [22] is denied without prejudice.

■[ For further details see text below.]     Docketing to mail notices.

00:07

## STATEMENT

     Plaintiffs Anna Szymczak (the daughter) and Caryl Clement (the mother) filed this case in the Circuit Court of Cook County. Defendant removed it on the basis of diversity. The Amended complaint contains two counts: (1) breach of a car insurance contract; and (2) vexatious and unreasonable delay in resolving an insurance claim pursuant to 215 Ill. Comp. Stat. 5/154.5 and 154.6. These claims arise out of a car accident that occurred on September 30, 2000, in which Szymczak sustained serious injuries. Pursuant to the insurance contract, Szymczak made a demand for arbitration of her underinsured motorist claim against Clement's insurer, defendant West American Insurance Company, on May 16, 2001. Plaintiffs allege that despite the passage of seven years, West American has breached its duty to conduct a reasonable investigation of the claim and proceed to an expeditious resolution of the matter.

     During the arbitration, West American retained expert witnesses to tender opinions regarding the nature, extent, and cause of Szymczak's psychological injuries. Szymczak voluntarily presented herself to be examined by one of those experts: Dr. Abigail Sivan. Tests performed by Dr. Sivan form the basis of both of West American's experts' opinions. The dispute that has arisen between the parties and that forms the basis of this motion to compel is that both West American and Dr. Sivan have refused to produce the raw data answer sheets and related scoring analysis that was generated as a result of the tests undergone by Szymczak. Plaintiffs brought the instant motion (1) for a rule to show cause as to why Dr. Sivan should not be held in contempt of court for violation of the subpoena issued to her and (2) to compel West American's production of the materials and for fees and sanctions for their unreasonable delay.[1]

     West American objects to the production primarily on the basis that the discovery requests are improper because this case is separate from the underlying arbitration, the materials are not relevant to plaintiffs' claims in this case, and it is improper for plaintiffs to use this forum to obtain discovery for the arbitration. This argument is not persuasive because the substance and strength of the raw data and analysis

**STATEMENT**

is relevant to assessing whether West American has a legitimate defense to plaintiffs' underlying insurance claim and whether it has been unreasonably delaying payment. *Berkshire Refrigerated Warehousing LLC* v. *Commercial Underwriters Ins. Co.*, 2006 WL 862877, at *3 (N.D. Ill. March 27, 2006) (noting that an insurer's conduct is *not* unreasonable or vexatious if it has a legitimate policy defense to the claim); *AMI Diamonds Co.* v. *Hanover Ins. Co.*, 2004 WL 1673003, at *4 (N.D. Ill. July 23, 2004) ("[I]in determining if an insurer is guilty of vexatious and unreasonable conduct, the court must look at the 'totality of the circumstances.'") (citing *Spearman Indus., Inc.* v. *Paul Fire & Marine Ins. Co.*, 138 F. Supp. 2d 1088, 1102 (N.D. Ill. 2001)); *see also Transport Ins. Co.* v. *Post Express Co., Inc.*, 1996 WL 32877, at *3 (N.D. Ill. Jan. 25, 1996) ("The claims file, which [was the subject of a motion to compel], is the only record of how [the insurer] handled the claim and, therefore, the only evidence on whether [the insurer] acted reasonably or in good faith in failing to settle the claim…."); *and see generally Leeson* v. *State Farm Mut. Automobile Ins. Co.*, 546 N.E.2d 782, 190 Ill. App. 3d 359, 137 Ill. Dec. 837 (Ill. App. Ct. 1st Dist. 1989).[2]

West American is correct in stating that plaintiffs have not provided the Federal Rule of Civil Procedure 37(a)(2) certification that the parties have conferred in good faith in an effort to resolve the discovery without a motion. This failure deprives plaintiffs of the fee shifting provision of Rule 37(a)(4)(A) and may be grounds for denial or deferral of the motion. *E.g.*, *Smith* v. *Campagna*, No. 94 C 7628, 1996 WL 364770, 1 (N.D. Ill. 1996). West American requested an opportunity to respond to the motion, however, which suggests the parties were at an impasse when the motion was filed. In any event, the court will exercise its discretion not to defer ruling to require further negotiation.

West American reports that it has offered to compromise by submitting the materials to a psychologist designated by the recipient. It reports that Dr. Abigail Sivan, the examining psychiatrist believes that Illinois law prohibits her from doing otherwise. As West American readily admits, because Dr. Sivan was retained by West American to examine the daughter, no confidential physician-patient relationship exists. West American relies on the Mental Health and Development Disabilities Confidentiality Act, 740 ILCS § 110/3©:

> Psychological test material whose disclosure would compromise the objectivity or fairness of the testing process may not be disclosed to anyone including the subject of the test and is not subject to disclosure in any administrative, judicial or legislative proceeding. However, any recipient who has been the subject of the psychological test shall have the right to have all records relating to that test disclosed to any psychologist designated by the recipient. Requests for such disclosure shall be in writing and shall comply with the requirements of subsection (b) of Section 5 of this Act.

West American has cited no cases or legislative history interpreting this provision. Presumably one of its purposes is to protect the integrity of the test for future use by mental health professionals. Even if it is assumed that this law would govern discovery in a federal forum, which is not likely,[3] there is no apparent reason why the disclosure of the requested material to plaintiff's counsel and any consulting psychologist he might retain would compromise the objectivity and fairness of the testing process. Thus, the court will require disclosure of the requested discovery to plaintiffs' counsel. Counsel may not disclose the discovery to his clients but may disclose it to consulting or testifying mental health professionals as necessary for preparation of the case.

1. Plaintiffs' reply requests the additional relief of (3) compelling the deposition of defendant's experts in the uninsured motorist arbitration and (4) compelling that the uninsured motorist arbitration proceed. Because these requests were not included in the original motion, they are not properly before the court.

2. West American's point that its counsel in this case is different from its counsel in the underlying arbitration is irrelevant.

3. This aspect of the statute is not based on physician-patient privilege so would not fall within Fed. R. Evid. 501's provision that for "a claim or defense as to which State law supplies the rule of decision, the privilege of a witness [or] person . . . shall be determined in accordance with State law." In general, discovery is governed by the Federal Rules of Civil Procedure, even when in conflict with state law. *See., e.g.*, *Sargent* v. *Cottrell, Inc.*, 2007 WL 4115811, 2 (S.D. Ill. 2007) ("[A] federal court sitting in diversity must apply the substantive law of the state in which it sits and federal procedural law. If, however, a state law conflicts with one of the federal procedural rules such that 'enforcing [it] would knock out the federal rule, then the federal rule controls.") (citations and quotation marks omitted).